BURISE v CITY OF PONTIAC

Docket No. 281443. Submitted February 10, 2009, at Lansing. Decided March 12, 2009, at 9:00 a.m.

Wilhelmena and Ralph Burise brought an action in the Oakland Circuit Court against the city of Pontiac, seeking damages for an injury suffered by Wilhelmena Burise when she stepped in a pothole while crossing a street within the city. The plaintiffs had given notice of the incident in a letter to the city and subsequently provided more detailed information on a claim form sent to them by the city. The additional information included the name of a witness. The city moved for summary disposition, arguing that the plaintiffs' original letter did not meet the notice requirements of MCL 691.1404(1) because it did not identify the witness. The court, Shalina Kumar, J., denied the motion, concluding that MCL 691.1404(1) was ambiguous concerning the method of notice and whether only one attempt at notice to the governmental agency was permitted. The city appealed.

The Court of Appeals *held*:

MCL 691.1404(1) unambiguously requires that a claimant bringing an action under the highway exception to governmental immunity must provide a notice to the governmental agency within 120 days from the time of the injury that (1) specifies the exact location and nature of the defect in the highway, (2) identifies the injuries sustained, and (3) provides the names of any known witnesses. The statute does not delineate the form of the notice or when the proper notice is provided except that it must be within 120 days of the injury and contain the information required. The plaintiffs' first attempt at notice did not comply with the statute because it did not include the witness's name. The notice given in the claim form, however, met the requirements of the statute, and it does not matter that the information was on a form the city provided rather than in a format that the plaintiffs created. Because the plaintiffs served a legally sufficient notice within 120 days of the injury, the trial court did not err by denying the city's summary disposition motion.

Affirmed.

GOVERNMENTAL IMMUNITY — HIGHWAY EXCEPTION — DEFECTS IN HIGHWAYS — NOTICE OF HIGHWAY DEFECTS.

Before bringing suit under the highway exception to governmental immunity, a claimant must provide a notice to the governmental agency within 120 days from the time of the injury that (1) specifies the exact location and nature of the highway defect, (2) identifies the injuries sustained, and (3) provides the names of any known witnesses (MCL 691.1404[1]).

*Paskel Tashman & Walker, P.C.* (by *Michael S. Tashman*), for the plaintiffs.

*Law Offices of Berry, Johnston, Sztykiel, Hunt & McCandless, P.C.* (by *Eric S. Goldstein*), for the defendant.

Before: DONOFRIO, P.J., and K. F. KELLY and BECKERING, JJ.

PER CURIAM. Defendant, the city of Pontiac, appeals as of right the trial court's order denying its motion for summary disposition brought pursuant to MCR 2.116(C)(7) (immunity granted by law). Because plaintiff Wilhelmena Burise[1] timely served defendant with "a notice" conforming to the requirements of MCL 691.1404(1), we affirm, although for reasons other than those relied on by the trial court. This appeal has been decided without oral argument pursuant to MCR 7.214(E).

### I. BASIC FACTS AND PROCEDURAL HISTORY

Plaintiff brought suit for an injury allegedly caused by a defect in a roadway within the city. Plaintiff contends that she tore her Achilles tendon when she

---

[1] The parties stipulated the dismissal of claims brought by plaintiff Ralph Burise. Accordingly, the term "plaintiff" in the singular refers only to plaintiff Wilhelmena Burise.

stepped in a pothole as she crossed Saginaw Street. The incident occurred on June 13, 2006.

Pursuant to MCL 691.1404(1), plaintiff sought to provide notice of the incident to defendant in a letter dated August 1, 2006:

> Please be advised we represent Wilhelmina [sic] Burise. At approximately 12:45 p.m. on June 13, 2006, [she] slipped and fell on East Huron and Saginaw Street in the City of Pontiac while crossing Saginaw Street, her slip and fall due to a defective traveled portion of the roadway.
>
> The precise location by virtue of the addresses is located between Bo's Brewery, 51 North Saginaw, and the Pontiac Osteopathic Hospital Building at 64 North Saginaw. The nature of the defect was an extremely deep, wide and long pothole that had been in disrepair.
>
> Please find a copy of the photographs reflecting the precise location. The plaintiff's footwear was gym shoes and her injury was a torn Achilles tendon.

Plaintiff did not disclose or include the name of a known witness, Sheryl Barnett, who was with plaintiff when she fell and was injured.

On August 22, 2006, defendant, through its representative, Michigan Municipal Management Authority (MMMA), requested that plaintiff provide information on a claim form. Plaintiff completed the claim form and returned it to the MMMA under a cover letter dated October 10, 2006. The letter and completed claim form contained more detailed information than the initial letter from plaintiff, and also included Barnett's name and address. The MMMA received the claim form on the 120th day after the accident.

Plaintiff filed her complaint on August 10, 2007. In lieu of filing an answer, defendant moved for summary disposition. It argued that plaintiff's August 1, 2006, letter to defendant did not meet the statutory require-

ments of MCL 691.1404(1) and therefore plaintiff's claims should be dismissed; specifically, the August 1, 2006, letter did not identify Barnett as a witness. In support of its motion, defendant relied on our Supreme Court's recently released[2] opinion in *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197; 731 NW2d 41 (2007), which addressed MCL 691.1404(1). In *Rowland*, the Court determined that the "hard and fast deadline" of 120 days was constitutional and concluded "that the plain language of this statute should be enforced as written: notice of the injuries sustained and of the highway defect must be served on the governmental agency within 120 days of the injury." *Id.* at 200, 204 n 5. In response, plaintiff argued that nothing in the statute indicated that all the required information had to be contained in the first communication to a municipal defendant; instead, she argued that as long as a defendant received the required information within 120 days, the notice was sufficient. Further, plaintiff argued that the required information could be supplied in a piecemeal fashion; it did not need to be contained in one single communication.

The trial court determined that the statute was ambiguous concerning the method of notice and whether only one attempt at notice was permitted. The trial court denied defendant's motion for summary disposition, stating:

> Okay, the way this [statute] is written, I do think it's ambiguous when it makes a reference to, a notice and, the notice. I also think it's ambiguous because it does not describe the manner or method of notice. And, because it's ambiguous, I therefore think that I have the ability to look at the intent of the legislature in writing this and the purpose of the statute. And, I believe both the intent and

---

[2] *Rowland* was released on May 2, 2007.

the purpose goes [sic] to providing the defendant notice, or providing the defendant information, using those words interchangeably, in order for them to have an ability to properly investigate the claim. I think that's the purpose of this statute.

I don't think it's clear that it has to be one notice. It's—it's surely not clear that it has to be written notice. I think the <u>Roland</u> [sic] case specifically says that it has to be given within 120 days, and that was the focus of the <u>Roland</u> case. Everyone agrees that all the necessary notice and information was given to the defendant within 120 days. So, I'm therefore denying your motion.

This appeal followed.

## II. STANDARDS OF REVIEW

A trial court's ruling on a motion for summary disposition is reviewed de novo. *Glancy v City of Roseville*, 457 Mich 580, 583; 577 NW2d 897 (1998). " 'MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties.' " *Id.* (citation omitted). A plaintiff can overcome such a motion for summary disposition by alleging facts that support the application of an exception to governmental immunity. *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001).

Questions of statutory interpretation are also reviewed de novo on appeal. *Hines v Volkswagen of America, Inc*, 265 Mich App 432, 437; 695 NW2d 84 (2005). When interpreting the meaning of a statute, our main objective is to ascertain and give effect to the Legislature's intent. *Id.* The first step is to determine whether the language of the statute is plain and unambiguous. *United Parcel Service, Inc v Bureau of Safety & Regulation*, 277 Mich App 192, 202; 745 NW2d 125 (2007). If the language is unambiguous, we must as-

sume that the Legislature intended its plain meaning and, accordingly, we must apply the statute's language as written. *Roberts v Mecosta Co Gen Hosp*, 466 Mich 57, 63; 642 NW2d 663 (2002). In such instances, we must assume that every word has some meaning, and we must give effect to every provision, if possible. *Danse Corp v Madison Hts*, 466 Mich 175, 182; 644 NW2d 721 (2002). It is only when the statute's language is ambiguous that this Court is permitted to look beyond the statute's language to determine the Legislature's intent. *Casco Twp v Secretary of State*, 261 Mich App 386, 391; 682 NW2d 546 (2004).

### III. ANALYSIS

On appeal, defendant argues that the statute is not ambiguous according to our Supreme Court and that the trial court erroneously injected an element of material prejudice into its analysis. It argues that the statute contemplates only one notice, which is the first notice provided by a claimant. Plaintiff's first notice was defective because the letter of August 1, 2006, did not state the name of a known witness. Defendant also argues that it should not be "punished" for being efficient in seeking further information from a claimant and that the trial court did so by considering answers provided on the claim form sent out by the MMMA and finding that defendant received all the information required by statute within 120 days. To the contrary, plaintiff argues that while notice is meant to inform and is required within 120 days, notice is not limited to the first attempt at providing notice. Plaintiff submits that the statute does not specify how a claimant must submit the required notice to a potential defendant and that a claimant may take as many steps as are necessary or reasonably required to convey the information outlined in the statute.

We affirm the trial court's order denying summary disposition, albeit for different reasons.[3] Simply stated, at issue is whether plaintiff complied with MCL 691.1404(1) when her initial notice to defendant did not contain all the required information, but her subsequent notice, filed within the 120-day period, did. We hold that while plaintiff's initial August 1, 2006, letter did not comply with the requirements set forth in MCL 691.1404(1) because plaintiff did not disclose the name of a known witness, her subsequent communication of October 10, 2006, was sufficient to provide defendant with the statutorily required notice.

The governmental tort liability act, MCL 691.1401 *et seq.*, provides broad immunity for governmental agencies when they are engaged in governmental functions. There are, however, some narrowly drawn exceptions to governmental immunity, including the highway exception. MCL 691.1402(1); *Glancy, supra* at 584. A governmental agency having jurisdiction over a highway is required to maintain the area of the highway under its jurisdiction in reasonable repair and convenient for public travel. See *Glancy, supra* at 584; MCL 691.1402(1). As a condition of bringing a suit against a governmental agency for failure to comply with the statute, a claimant must provide notice. "The principal purpose sought to be served by requiring notice is to provide the governmental agency with an opportunity to investigate the claim while the evidentiary [trail] is still fresh and, additionally, to remedy the defect before other persons are injured." *Hussey v Muskegon Hts*, 36 Mich App 264, 267-268; 193 NW2d 421 (1971).

---

[3] When a trial court reaches the right result for the wrong reason, the ruling will not be disturbed. *Michigan Citizens for Water Conservation v Nestlé Waters North America, Inc*, 269 Mich App 25, 82; 709 NW2d 174 (2005), rev'd in part on other grounds 479 Mich 280 (2007).

MCL 691.1404(1) provides:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve *a notice* on the governmental agency of the occurrence of the injury and the defect. *The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.* [Emphasis added.]

Accordingly, before bringing suit, a claimant must provide, within 120 days from the time of injury, notice to the governmental agency that (1) specifies the exact location and nature of the defect, (2) identifies the injuries sustained, and (3) provides the names of any known witnesses.

In *Rowland,* while our Supreme Court did not specifically reach the question of the adequacy of a notice because its decision was based on the issue whether the deadline of 120 days was constitutional, it did hold as follows:

> MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect. Accordingly, we conclude that it must be enforced as written. As this Court stated in *Robertson v DaimlerChrysler Corp*, 465 Mich 732, 748; 641 NW2d 567 (2002), "The Legislature is presumed to have intended the meaning it has plainly expressed, and if the expressed language is clear, judicial construction is not permitted and the statute must be enforced as written." Thus, the statute requires notice to be given as directed, and notice is adequate if it is served within 120 days and otherwise complies with the requirements of the statute, i.e., it specifies the exact location and nature of the defect, the injury sustained, and the names of the witnesses known at the time by the claimant, no matter how much prejudice is *actually suffered.* [*Rowland, supra* at 219 (emphasis in original).]

We agree that MCL 691.1404(1) is unambiguous and must be enforced as written. The statute does not refer to the "initial" notice supplied by a claimant; it says "a" notice. The statute then identifies what "the" notice must contain. As our Supreme Court has noted, "the" is defined as a " 'definite article . . . used . . . before a noun, with a specifying or particularizing effect, as opposed to the indefinite or generalizing force of the indefinite article a or an . . . .' " *Robinson v Detroit*, 462 Mich 439, 461; 613 NW2d 307 (2000), citing *Random House Webster's College Dictionary*. In order to interpret the statute as defendant desires us to do, this Court would have to read into the statute a provision that is clearly not there. This we cannot do. *Roberts, supra* at 63.

Reading the words of MCL 691.1404(1) according to their ordinary meaning, a claimant must simply provide "a notice," and "the notice" must contain certain information. The statute does not delineate the form of the notice or when the proper notice is provided except that it must be within 120 days of the injury and contain the identified information. Defendant received plaintiff's notice dated October 10, 2006, within 120 days of her injury. It contained the specific location and nature of the complained-of defect. It described the injuries sustained by plaintiff. It identified the name and address of the witness who was with plaintiff at the time of the incident. The notice met the requirements of MCL 691.1404(1). Defendant's objection to the October 10, 2006, communication because it included the required information on a form provided by defendant is without merit. The statute does not prohibit such a submission, nor does it require an original format created by a claimant. The trial court did not err by denying defendant's motion for summary disposition.

In coming to our conclusion, we disregard plaintiff's attempted notice of August 1, 2006.[4] MCL 691.1404(1) provides that a claimant "*shall* serve a notice" and "*shall* specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant." (Emphasis added.) The Legislature's repeated use of the word "shall" indicates a mandatory requirement. *Scarsella v Pollak*, 461 Mich 547, 549; 607 NW2d 711 (2000). A purported notice that does not comply with the statute is insufficient. Because plaintiff did not include the name of a known witness in the initial notice, plaintiff's initial notice was defective. But because plaintiff did, in fact, properly serve a legally sufficient notice within 120 days of the injury, plaintiff was in compliance with MCL 691.1404(1).

Affirmed.

---

[4] Because the notice provided on October 10, 2006, was sufficient, we need not discuss the concept of substantial compliance set forth in *Meredith v City of Melvindale*, 381 Mich 572, 580-581; 165 NW2d 7 (1969).