# STATE OF MICHIGAN

# COURT OF APPEALS

AWILDA FALKNER,

        Plaintiff-Appellant,

v

CITY OF INKSTER,

        Defendant-Appellee.

UNPUBLISHED
January 15, 2015

No. 318525
Wayne Circuit Court
LC No. 12-011924-NO

Before: FORT HOOD, P.J., and HOEKSTRA and O'CONNELL, JJ.

PER CURIAM.

In this action implicating the highway exception to governmental immunity, plaintiff appeals as of right an order granting defendant's motion for summary disposition under MCR 2.116(C)(7) based on plaintiff's failure to comply with MCL 691.1404(1). Because plaintiff's notice to defendant did not satisfy MCL 691.1404(1), we affirm.

This appeal arises out of a trip and fall accident on a sidewalk in the city of Inkster on July 17, 2012. Plaintiff was walking on the sidewalk when he tripped and fell as a result of an uneven sidewalk. Plaintiff testified at his deposition that his fall was witnessed by Devin Higgins and Kyrice Higgins, both of whom initially laughed at plaintiff's fall but then assisted plaintiff to the car. Plaintiff indicated at his deposition that he suffered a fractured knee and a possible injury to his shoulder as a result of his fall.

On August 27, 2012, plaintiff sent defendant a notice of the incident. Plaintiff then filed suit in September of 2012. Defendant moved for summary disposition under MCR 2.116(C)(7) based on the assertion that plaintiff failed to provide the notice required by MCL 691.1404(1). The trial court granted summary disposition on this basis, concluding that plaintiff's notice was deficient because he failed to identity his injuries and the names of witnesses to his accident. Plaintiff now appeals as of right.

On appeal, plaintiff argues that the trial court erred in granting summary disposition to defendant. Specifically, plaintiff maintains that he complied with the notice requirements found in MCL 691.1404(1).

This Court reviews de novo a trial court's grant of summary disposition. *McLean v Dearborn*, 302 Mich App 68, 72; 836 NW2d 916 (2013). Pursuant to MCR 2.116(C)(7), a motion for summary disposition may be raised when a claim is barred because of immunity

-1-

granted by law. *Plunkett v Dep't of Transp*, 286 Mich App 168, 180; 779 NW2d 263 (2009). To survive a motion brought on this basis, a plaintiff must allege facts warranting the application of an exception to governmental immunity. *Id*. In reviewing a motion for summary disposition under MCR 2.116(C)(7), this Court considers the affidavits, pleadings, and other documentary evidence presented by the parties and accepts the plaintiff's well-pleaded allegations as true, except those contradicted by documentary evidence. *Oliver v Smith*, 290 Mich App 678, 683; 810 NW2d 57 (2010). "If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide." *Moraccini v Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). In particular, the applicability of governmental immunity and statutory exceptions to immunity involve questions of law subject to de novo review on appeal. *Id.*; *Plunkett*, 286 Mich App at 180.

"Except as otherwise provided, the governmental tort liability act (GTLA), MCL 691.1401 *et seq.,* broadly shields and grants to governmental agencies immunity from tort liability when an agency is engaged in the exercise or discharge of a governmental function." *Moraccini*, 296 Mich App at 391. The highway exception to governmental immunity is set forth in MCL 691.1402(1), and provides, in part:

> Each governmental agency having jurisdiction over any highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency.

"Highway" includes "bridges, *sidewalks*, trailways, crosswalks, and culverts on the highway." *Robinson v Lansing*, 486 Mich 1, 6-7; 782 NW2d 171 (2010), quoting MCL 691.1401(e).

Before bringing suit, a claimant seeking to file a lawsuit against a governmental agency under the highway exception to governmental immunity is required to provide the notice described in MCL 691.1404. *Burise v City of Pontiac*, 282 Mich App 646, 653; 766 NW2d 311 (2009). In particular, in relevant part, the statute provides that:

> As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant. [MCL 691.1404(1).]

In other words, within 120 days from the date of injury, a claimant must provide notice to the governmental agency that "(1) specifies the exact location and nature of the defect, (2) identifies the injuries sustained, and (3) provides the names of any known witnesses." *Burise*, 282 Mich App at 653. The notice need not be provided in a particular form, but rather, it is sufficient if it is timely and contains the requisite information. *Id.* at 654. Further, the required information

does not have to be contained within the plaintiff's initial notice, provided that the required information is received by the governmental agency within the 120-day period. *Id.*

"MCL 691.1404 is 'straightforward, clear, unambiguous' and 'must be enforced as written.'" *McLean*, 302 Mich App at 75, quoting *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007). "Failure to provide adequate notice under this statute is fatal to a plaintiff's claim against a government agency." *McLean*, 302 Mich App at 74. This is true even if the defendant suffered no prejudice as a result of the plaintiff's failure to comply with MCL 691.1404. *Rowland*, 477 Mich at 219.

Regarding the level of detail required in the notice, it has been said that a plaintiff "must at least 'adequately' provide the required information." *McLean*, 302 Mich App at 75 (citation omitted). That is, the notice "need only be understandable and sufficient to bring the important facts to the governmental entity's attention." *Plunkett*, 286 Mich App at 176. More particularly, with regard to the injury sustained, a notice which states that the plaintiff has sustained "significant injuries" is an insufficient description of the injury, particularly when the plaintiff "did not even name a body part that was injured." *McLean*, 302 Mich App at 77-78. Notice is also defective where it fails to disclose the name of a known witness. See *Burise*, 282 Mich App at 652.

In this case, plaintiff's initial notice to defendant read as follows:

Please be on notice that I represent [plaintiff] who was seriously injured on your public sidewalk on July 17, 2012.

That on the day of the accident, [plaintiff] sustained injuries as a result of uneven sidewalk in front of 411 Greenwood, Inkster MI 48141.

The location of the hazard is located thirty-five (35) feet, eight (8) inches west and thirty (30) feet four (4) inches south from the center of the front door at 411 Greenwood, Inkster, MI 48141, to the trip point.

This is notice to you under the law of the occurrence.

We agree with plaintiff that this initial notice, including a metes and bounds description of the location of an uneven sidewalk, sufficiently described the exact location and nature of the defect. The notice was nonetheless defective, however, because it failed to identify witnesses known to plaintiff, i.e., Devin Higgins and Kyrice Higgins.[1] Cf. *Burise*, 282 Mich App at 652.

---

[1] Plaintiff argues on appeal that there is merely an assumption that Devin Higgins and Kyrice Higgins witnessed his fall, meaning they are merely "presumed" witnesses and not "known" witnesses within the meaning of MCL 691.1404(1). This argument is entirely unavailing. First, the evidence indicates that Devin Higgins and Kyrice Higgins did witness all or part of plaintiff's accident. Specifically, they were both with plaintiff at the time of his fall and plaintiff testified that he knew they saw him fall because they began to laugh "when [he] fell." Second, although MCL 691.1404(1) refers to witnesses "known" to a claimant, it does not limit the description of

In addition, while the notice stated that plaintiff "was seriously injured," this description was wholly inadequate to apprise defendant of the injury sustained by plaintiff. It failed to provide any meaningful description of plaintiff's injury or to even identify, as a minimum, the body part purportedly injured in plaintiff's fall. Cf. *McLean*, 302 Mich App at 77-78. Given plaintiff's failure to identity his injury and known witnesses to the accident, his initial notice to defendant failed to comply with MCL 691.1404(1).

Plaintiff argues on appeal that, even if his initial notice was insufficient, his complaint and witness list, which he filed within 120 days of his injury, may also be considered to determine whether defendant received the notice required by MCL 691.1404(1). Even considering these additional materials, it is clear that plaintiff nonetheless failed to satisfy MCL 691.1404(1). Specifically, plaintiff's complaint stated only that he sustained "serious injuries" and suffered "great financial, physical, and emotional loss." Such imprecise descriptors, like those in his initial notice, were entirely inadequate to apprise defendant of the injury sustained by plaintiff. Cf. *McLean*, 302 Mich App at 77-78. Moreover, although it is true plaintiff's preliminary witness list identified Devin Higgins as a witness, plaintiff still failed to identify Kyrice Higgins as a witness to his fall. This failure to identify a known witness rendered plaintiff's notice defective. Cf. *Burise*, 282 Mich App at 652.

Because plaintiff failed to provide the notice required by MCL 691.1404(1), defendant was entitled to the protections of governmental immunity and the trial court properly granted summary disposition under MCR 2.116(C)(7).

Affirmed.

/s/ Karen M. Fort Hood
/s/ Joel P. Hoekstra
/s/ Peter D. O'Connell

---

"witnesses" to individuals who witnessed the actual moment of impact. Whether or not Devin Higgins and Kyrice Higgins actually saw plaintiff fall, they were present at the scene to observe the defect where plaintiff fell and to observe plaintiff's injuries. In fact, they carried plaintiff back to the car because he could not stand. Clearly, they were "witnesses" known to plaintiff.