# STATE OF MICHIGAN

# COURT OF APPEALS

MARILYN E. HIBBARD and CHARLES K. HIBBARD,

        Plaintiffs-Appellees,

v

CITY OF RIVERVIEW,

        Defendant-Appellant,

and

BENJAMIN ZOLYNSKY and THERESA ZOLYNSKY,

        Defendants.

UNPUBLISHED
September 20, 2016

No. 327027
Wayne Circuit Court
LC No. 14-011891-NO

Before: CAVANAGH, P.J., and SAAD and FORT HOOD, JJ.

PER CURIAM.

Defendant City of Riverview appeals as of right an order denying its motion for summary disposition in this action under the Governmental Tort Liability Act, MCL 691.1401 *et seq.* We reverse and remand for entry of summary disposition in favor of Riverview.

Plaintiff Marilyn Hibbard tripped on a raised sidewalk slab in front of 13828 Kingswood, Riverview, Michigan, causing her to fall to the ground and break her right wrist and fracture her left elbow. After several verbal communications with city officials, plaintiffs served written notice on July 30, 2014. Later, Marilyn and her husband, plaintiff Charles Hibbard filed a complaint against Riverview for negligence. Riverview filed a motion for summary disposition on the basis that governmental immunity barred plaintiffs' claim because plaintiffs failed to satisfy the statutory presuit notice requirements. Specifically, Riverview maintained that plaintiffs' July 30, 2014 notice was not properly served, and it failed to identify Marilyn's injuries, a known witness, or the exact nature and location of the alleged defect. In response, plaintiffs relied on the oral communications they had with city officials to cure the defects in the written notice. The trial court denied Riverview's motion, concluding that MCL 691.1404 did not require the notice to be in writing. Riverview appeals.

-1-

On appeal, Riverview argues that the trial court erred in denying its motion for summary disposition because the notice of claim failed to comply with statutory requirements and was improperly served. We agree.

This Court reviews matters of statutory interpretation de novo. *Burise v City of Pontiac*, 282 Mich App 646, 650; 766 NW2d 311 (2009). Likewise, a trial court's grant or denial of a motion for summary disposition is also reviewed de novo. *Id*. Riverview moved for summary disposition pursuant to MCR 2.116(C)(7), (C)(8), and (C)(10). Because the parties relied on evidence beyond the pleadings in this matter, this Court must apply the standard of review applicable to summary disposition under MCR 2.116(C)(7) or MCR 2.116(C)(10). *Nuculovic v Hill*, 287 Mich App 58, 61; 783 NW2d 124 (2010). "MCR 2.116(C)(7) tests whether a claim is barred because of immunity granted by law, and requires consideration of all documentary evidence filed or submitted by the parties." *Burise*, 282 Mich App at 650. To avoid summary disposition under MCR 2.116(C)(7), the plaintiff must allege sufficient facts to bring the claim within the scope of an exception to governmental immunity. *Id*. MCR 2.116(C)(10) tests the factual basis for the claim. *Nuculovic*, 287 Mich App at 61. "In reviewing a motion under MCR 2.116(C)(10), the trial court considers affidavits, pleadings, depositions, admissions, and other evidence introduced by the parties to determine whether no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *McLean v Dearborn*, 302 Mich App 68, 73; 836 NW2d 916 (2013).

Plaintiffs' complaint involves the "highway exception" to governmental immunity. In order to invoke the exception, an injured person must timely notify the governmental agency having jurisdiction over the roadway of the occurrence of the injury, the injury sustained, the nature of the defect, and the names of known witnesses. MCL 691.1404(1); *Rowland v Washtenaw County Rd Comm*, 477 Mich 197, 200, 203-204, 219; 731 NW2d 41 (2007); *McLean*, 302 Mich App at 74. MCL 691.1404 provides:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.
>
> (2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding.

Riverview argues that the form of the notice and the service of the notice failed to meet the statutory requirements.

At the heart of this dispute is whether a claimant may satisfy the notice requirements mandated by MCL 691.1404 by orally communicating the requisite information to the potentially liable government agency. Specifically, plaintiffs rely on an informal conversation held with the mayor of Riverview, Tim Durand. Durand noticed Marilyn's cast while passing

her house on a bicycle ride. Durand stopped to inquire about Marilyn's injury and Marilyn explained that she fell on a raised sidewalk in the neighborhood. Plaintiffs argue that the information conveyed during the conversation with Durand was sufficient to cure any defect with the content of the written notice.

As noted by the trial court and argued by plaintiffs, nothing in the statutory language explicitly requires a *written* notice. Nonetheless, interpreting identical language in the public building exception to governmental immunity, MCL 691.1406, this Court has observed that the above-quoted language "patently implies that [the] elements of the required notice must be in writing." *Ward v Mich State Univ (On Remand)*, 287 Mich App 76, 81; 782 NW2d 514 (2010).

When this Court is called upon to construe statutory language, "words and phrases as may have acquired a peculiar and appropriate meaning in the law, shall be construed and understood according to such peculiar and appropriate meaning." *Hannay v Dep't of Transp*, 497 Mich 45, 57; 860 NW2d 67 (2014), quoting *In re Bradley Estate*, 494 Mich 367, 377; 835 NW2d 545 (2013). Notably, the statutory language at issue in this case does not require that the claimant merely give notice to the government agency of the occurrence of the injury. Instead, it obligates the claimant to *serve* notice on the government agency containing specific information. According to Black's Law Dictionary, the term "serve" means "[t]o make legal delivery of (a notice or process)" or "[t]o present (a person) with a notice or process as required by law." Black's Law Dictionary (10th ed). As an oral notice is not tangible, it is incapable of being delivered or meaningfully presented to a defendant.

To support their contention that MCL 691.1404 does not require written notice, plaintiffs rely on this Court's opinion in *McLean*, stating that "[n]otice need not be provided in any particular form and is sufficient if it is timely and contains the requisite information." *McLean*, 302 Mich App at 74. Plaintiffs' reliance on *McLean* ignores the simple fact that the notice involved in that case was not oral. Rather, *McLean* dealt with a written notice that articulated a vague description of the alleged sidewalk defect but was deemed sufficient because it was accompanied by color photographs that clearly depicted the defect. *Id*. at 70-71, 75-76. Thus, the defendant, having received tangible documents from which the requisite information could be gleaned, was served with sufficient notice of the location and nature of the defect. *Id*.

Moreover, responding to the defendant's argument that the plaintiff contradicted facts from her presuit notice during her deposition, the *McLean* Court declined to "base the sufficiency of notice provided under MCL 691.1404 on the vagaries of human memory . . . ." *Id*. at 76-77. Following the same theory, it would be impractical to allow a plaintiff to rely on an oral notice to a government agency, as it would require the courts to base the sufficiency of the notice on the "vagaries of human memory." The underlying history in this case only serves to bolster that point. During their depositions, plaintiffs' recollections of their conversations with Riverview's representatives were limited. When they could not recall sufficient details to establish communication of the statutorily required information during their depositions, they attempted to supplement their damaging testimony with later affidavits.

Because the service requirement set forth in MCL 691.1404 implicitly requires that the notice be in writing, the sufficiency of plaintiffs' notice in this case is limited to the content of

their July 30, 2014 letter and attachments—the only tangible notice that was purportedly served upon Riverview. The notice stated:

> Please allow this correspondence serve as written notice that our firm represents the interests of Marilyn Hibbard relative to a fall which occurred on a public sidewalk on June 21, 2014. Please consider this correspondence formal notice of the incident. Attached hereto are photographs of the location of the fall. Please note that subsequent remedial measures have occurred and apparently have been had by the adjacent homeowner. You will note the incident occurred at the cross roads of Kingswood and Hamilton in Riverview in front of the address of 13828 Kingwood [sic], Riverview, Michigan.

The written notice failed to meet the requirements of MCL 691.1404(1) because plaintiffs failed to specify the injuries sustained or witnesses to the accident. Thus, plaintiffs' claim fails.

Given our analysis regarding the content and form of the notice, we need not discuss whether service was proper. However, we briefly address this issue in the interest of completeness. Pursuant to MCL 691.1404(2), a claimant's notice may be served "personally, or by certified mail, return receipt requested" and service may be made upon "any individual . . . who may lawfully be served with civil process directed against the governmental agency . . . ." As a municipal corporation, MCR 2.105(G)(2) provides that Riverview's mayor, city clerk, or city attorney may lawfully be served with civil process on Riverview's behalf. See also *McLean*, 302 Mich App at 78.

On appeal, Riverview argues that it was entitled to summary disposition in the trial court because plaintiffs failed to properly serve their notice upon an authorized individual, as provided by MCR 2.105(G)(2). It is undisputed that plaintiffs served their July 30, 2014 letter by certified mail, return receipt requested, addressed to the city's human resources director, Carol Mayerich, with a copy directed to the city's third-party claims adjuster. As neither a human resources director nor a third-party claims adjuster may be lawfully served with civil process pursuant to MCR 2.105(G)(2), we agree that plaintiffs failed to serve their notice in compliance with MCL 691.1404(2).

Plaintiffs note that MCR 2.105(G) also provides that "service of process may be made on an officer having substantially the same duties" as the individuals expressly authorized to receive service on the municipal corporation. Thus, according to plaintiffs, service was properly made upon Mayerich because Durand, allegedly acting in his official capacity, directed plaintiffs to contact her regarding Marilyn's fall. As an initial matter, it is far from clear whether Durand was acting in his capacity as Riverview's mayor when he interrupted his bicycle ride to inquire about Marilyn's cast. However, to the extent that Durand was speaking in his official capacity during his conversation with plaintiffs, plaintiffs' argument is still lacking in merit, as it does not even remotely suggest that Riverview's human resources director had substantially the same duties as its mayor, city clerk, or city attorney. Though a defendant is free to designate an agent to receive service of process, that designation must be "authorized by written appointment or by law," and there is no indication in the lower court record that Mayerich was authorized by written appointment or by law to receive service on Riverview's behalf. See MCR 2.105(H); see also *McLean*, 302 Mich App at 78-80 (finding subsequent communication directed to third-party

administrator did not cure defects in the plaintiff's initial written notice because the third-party administrator was not authorized by court rule to receive service on the defendant's behalf).

Reversed and remanded for entry of summary disposition in favor of Riverview. We do not retain jurisdiction.

/s/ Mark J. Cavanagh
/s/ Henry William Saad
/s/ Karen M. Fort Hood