*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORMAN CHAMPINE,

      Plaintiff-Appellant,

v

DEPARTMENT OF TRANSPORTATION,

      Defendant-Appellee.

UNPUBLISHED
April 16, 2020

No. 347398
Court of Claims
LC No. 18-000028-MZ

Before: CAMERON, P.J., and SHAPIRO and LETICA, JJ.

SHAPIRO J. (*dissenting*).

I respectfully dissent from the majority's holding that the filing of a complaint within 120 days in the Court of Claims does not serve as notice for purposes of MCL 691.1404(1). I also conclude that the complaint sufficiently identified the nature and location of the highway defect.

## I. A COMPLAINT FILED WITHIN 120 DAYS AFTER ACCRUAL SATISFIES THE NOTICE REQUIREMENT

MCL 691.1404 provides that as a condition to recovery "the injured person shall, within 120 days, serve a notice on the government agency of the occurrence of the injury and the defect." Notably, the statute does not define "notice" nor does it prescribe any particular form of notice. All agree that the purpose of this 120-day notice requirement is two-fold, namely, it "provide[s] the governmental agency with an opportunity to investigate the claim while it is still fresh," and it allows the governmental agency the opportunity "to remedy the defect before other persons are injured." *Plunkett v Dep't of Transp*, 286 Mich App 168, 176; 779 NW2d 263 (2009). These purposes are fully met by the filing of the complaint within 120 days. If the complaint is filed beyond the 120-day period then it does not accomplish these purposes and so in that situation a separate notice within the 120 days would have been required to preserve the claim. The only additional purpose arguably served by pre-suit notice is that it allows the governmental entity time

to prepare for the possibility of litigation.[1] However, that carries little weight when one considers that, even under the majority's interpretation, the complaint can be filed the day after pre-suit notice is given or even later the same day.[2]

Significantly, MCL 600.1404 does *not* contain language making notice a condition to filing suit. By contrast, the medical malpractice notice statute, MCL 600.2912b(1), uses exactly such language:

> Except as otherwise provided in this section, a person *shall not commence an action* alleging medical malpractice against a health professional or health facility unless the person has given the health professional or health facility written notice under this section not less than 182 days *before the action is commenced*. [Emphasis added.]

To satisfy the medical malpractice statute, the claimant must provide the notice 182 days before the action is commenced, so it clearly bars the use of the complaint as notice. Similarly, the statute provides that a person "shall not commence an action" unless notice is given. MCL 691.1404 contains no such language. Had the Legislature wished to limit the manner of notice in a highway defect case it could have used that language, but it did not.

The majority relies on *Burise v Pontiac*, 282 Mich App 646; 766 NW2d 311 (2009), but that reliance is wholly misplaced. That case did not address, even remotely, the question whether a complaint filed within 120 days could satisfy the notice requirement of MCL 691.1404(1). The issue in *Burise* was whether an incomplete notice (i.e., missing a necessary component such as the names of any known witnesses) could be cured by filing a second notice to provide the missing information so long as both were filed within the 120-day period. In the course of its discussion, that Court stated: "Accordingly, before bringing suit, a claimant must provide, within 120 days from the time of injury, notice to the governmental agency that (1) specifies the exact location and nature of the defect, (2) identifies the injuries sustained, and (3) provides the names of any known witnesses." *Id*. at 653. The introductory phrase "before bringing suit" was simply that, an introductory phrase to the actual substance of the sentence—whether the contents of the notice were adequate, which was the only issue in the case. Moreover, the phrase "before bringing suit" does not accurately quote MCL 691.1404(1), which makes notice a condition of recovery, not a condition of filing suit. Regardless, there can be no doubt that *Burise*'s use of the phrase "before bringing suit" constitutes dicta since it was not necessary to its resolution of the question before it. I am puzzled by my colleagues' conclusion that we should be bound, or even guided, by a passage of dicta that contains an incorrect paraphrasing of the relevant statute.

---

[1] The plaintiff did serve a separate notice on defendant shortly after the accident, but because defendant is a state entity notice to the Court of Claims was required.

[2] The statute generally governing suits against the state is MCL 600.6431. However, in cases involving the highway exception to governmental immunity, a second statute, MCL 691.1404, is implicated and it provides that compliance with it also constitutes compliance with MCL 600.6431.

Given its holding, the majority declines to address whether the complaint sufficiently specified the location and nature of the defect as required by MCL 691.1404(1). I would hold that the complaint gave defendant adequate notice of those matters. Plaintiff alleges that he was driving west on I-696 between Gratiot and Mound when a 20-pound chunk of concrete that had dislodged from the roadway was projected through his windshield. Because that stretch of highway was estimated to contain thousands of potholes, the precise hole that the chunk of concrete once occupied could not be identified. Defendant's argument—that the failure to identify the exact pothole results in insufficient notice—is untenable. Essentially, defendant argues that when a government agency allows a roadway to become so decrepit that the particular defect causing injury cannot be identified, the claimant is barred from recovery. A governmental agency should not be able to defeat a claim of negligence by letting the defect become "unnoticeable" through extreme negligence. It is difficult to imagine any rationale by which the Legislature could have intended to allow suits against the state only for modest failures of maintenance, but to exclude suits for more severe failures. Moreover, defendant is the only entity with the authority and ability to enter onto the roadway to find the defect. The state may limit government exposure to suit, but requiring the plaintiff to perform the dangerous and likely impossible task of identifying a single pothole on the rutted surface of a stretch of busy highway raises constitutional concerns beyond those considered in *Rowland v Washtenaw Co Road Comm*, 477 Mich 197; 731 NW2d 41 (2007).

We need not address those larger concerns, however, because in this case adequate notice was provided. The complaint describes the chunk of concrete that smashed through plaintiff's windshield and defendant admits that it took possession of it from the local police before suit was filed. Defendant's argument seems to rest on the premise that the defect is the hole in the roadway left after the concrete chunk dislodged. However, plaintiff does not allege that he was injured by a hole in the road. He alleges he was injured by a piece of the road that came loose and was kicked up by traffic causing it to crash into his windshield. The remaining hole in the roadway is not the defect. The 20-pound piece of concrete is the defect and its exact location was provided in the complaint, i.e., it is in the defendant's possession.

## II. CONCLUSION

The majority is incorrect. The plain language of the statute does not bar notice in the form of a complaint so long as filed within 120 days, and the majority's reliance on the dicta from *Burise* is unpersuasive. Finally, its decision is wholly inconsistent with the fundamental rule that "the court at every stage of the action or proceeding *shall* disregard any error or defect in the proceedings which do not affect the substantial rights of the parties." MCL 600.2301 (emphasis added). Therefore, I respectfully dissent.

/s/ Douglas B. Shapiro

-3-