*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MAUREEN KASSOF,

       Plaintiff-Appellee,

v

PAGE AVENUE, LLC,

       Defendant/Third-Party Plaintiff-
       Appellant,

and

EMERALD OUTDOOR, LLC,

       Defendant-Third-Party Defendant.

UNPUBLISHED
May 7, 2020

No. 347509
Jackson Circuit Court
LC No. 16-001133-NZ

Before: CAMERON, P.J., and SHAPIRO and LETICA, JJ.

PER CURIAM.

In this premises liability action, defendant Page Avenue, LLC (defendant), appeals from a stipulated judgment in favor of plaintiff. The judgment reserved defendant's right to appeal the trial court's earlier order denying defendant's motion for summary disposition. We affirm, but on different grounds than the trial court.

## I. BACKGROUND

This case stems from plaintiff's slip and fall on icy pavement between defendant's two buildings on a single medical campus. Plaintiff, who was 70 years old at the time of incident, worked at the Jackson Veterans Administration Outpatient Clinic (the VA facility) as a certified nurse practitioner. West of the VA facility is a building used by Allegiance Health; defendant owned both buildings. Construction was taking place and so there was limited parking available. Employees were told that the parking lot to the south of the VA was for patients only and that the employees were to park in a new lot to the west of the Allegiance building. There was a paved driveway from Page Avenue that led into the area in front of the Allegiance building and it extended so as to form a paved path to the back of the buildings. Thus, in order to reach the VA

-1-

entrance (which was on the west side of the VA facility), employees had to park west of the Allegiance building, walk through that lot, continue walking east across the front of the Allegiance building and across the paved campus pathway that extended between the Allegiance building and the entrance to the VA.

Plaintiff's fall occurred about 8:20 a.m. on Monday, November 23, 2015. Two days earlier, on Saturday, November 21, 2015, there was precipitation over many hours including both snow and ice. Weather records show that it snowed continuously throughout the day from 7:00 a.m. to 7:00 p.m., with additional snow falling after 8:00 p.m. No additional precipitation occurred before plaintiff's fall about 36 hours later, but temperatures remained below freezing at all times. Plaintiff testified that upon arrival that morning, she parked in the designated employee lot, which she observed to be covered with ice. Plaintiff was "very cautious" as she exited her vehicle and traversed the employee lot. She made it to the concrete walkway in front of the Allegiance building, which she testified was clear of ice, and walked across it. She further explained that, before she stepped off the walkway and onto the paved surface between the Allegiance building and the VA facility, she looked down at the surface immediately adjacent to the walkway and did not see any ice there. However, with her first step onto the lot surface, she slipped on ice and fell, fracturing her elbow. She testified that having fallen to the ground, she could then see the black ice where she slipped.

Plaintiff was not the only person to slip on the icy parking lot that morning. Lori Laier also worked at the VA facility. On November 23, 2015, Laier parked in the employee lot. She testified that as she walked across the lot, ice was visible. Laier was careful, but after walking about 25 feet she slipped on ice and fell. Another VA employee, Jeanette Blackwell, described the conditions as "extremely slick." After Blackwell arrived at the VA facility, she took some salt from the salt bin and "threw some out front" so that no patient would fall. She also called the building manager to tell her that the VA facility "needed someone to salt."

After discovery, defendant filed a motion for summary disposition pursuant to MCR 2.116(C)(10), arguing that the ice on which plaintiff slipped and fell was open and obvious and not effectively unavoidable. After holding a hearing, the trial court denied defendant's motion, determining that there was a genuine issue of material fact regarding whether the ice where plaintiff fell was observable on casual inspection.[1]

---

[1] We review de novo a trial court's decision denying summary disposition. See *Auto Club Group Ins v Burchell*, 249 Mich App 468, 479; 642 NW2d 406 (2001). "A motion made under MCR 2.116(C)(10) tests the factual sufficiency of a claim, and when the proffered evidence fails to establish a genuine issue of material fact, the moving party is entitled to judgment as a matter of law." *Hoffner v Lanctoe*, 492 Mich 450, 459; 821 NW2d 88 (2012). "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). We can affirm a trial court for different reasons than those relied on by the trial court. See *Burise v Pontiac*, 282 Mich App 646, 647; 766 NW2d 311 (2009).

## II. ANALYSIS

Plaintiff responded to defendant's motion with two arguments: that the ice where she fell was not open and obvious and that even if it were, it was effectively unavoidable. The trial court denied summary disposition, finding that the ice was not open and obvious as a matter of law. We affirm, but on the grounds that even if the ice was open and obvious,[2] there is a question of fact whether it was effectively unavoidable.

A premises possessor owes a duty to invitees to exercise reasonable care to protect the invitees from an unreasonable risk of harm caused by a dangerous condition on the land. *Lugo v Ameritech Corp, Inc*, 464 Mich 512, 516; 629 NW2d 384 (2001). As stated, on November 21, 2015 snow fell continuously from 7:00 a.m. to 7:00 p.m., with additional precipitation after 8:00 p.m. The temperature remained at or below freezing from 4:00 a.m. on the 21st until plaintiff's fall on the 23rd. The only maintenance defendant procured for the premises before plaintiff's fall was snow plowing that began on 5:00 p.m. on November 21, before the snowfall had ceased, and it does not appear that salt was applied at that time. According to the plow company's records, no other service was provided until after plaintiff's fall.

Although a landowner typically owes no duty to an invitee for a hazard that is open and obvious, special aspects of such a hazard can give rise to liability "when the danger is unreasonably dangerous or when the danger is effectively unavoidable." *Hoffner v Lanctoe*, 492 Mich 450, 463; 821 NW2d 88 (2012) (emphasis removed). "Unavoidability is characterized by an inability to be avoided, an inescapable result, or the inevitability of a given outcome." *Id*. at 468 (emphasis removed). A hazard "must truly be, for all practical purposes, one that a person is required to confront under the circumstances" in order to be effectively unavoidable. *Id.* at 472.

In *Lymon v Freedland*, 314 Mich App 746, 764; 887 NW2d 456 (2016), the plaintiff was a home healthcare aide who slipped and fell while walking up her patient's snow- and ice-covered driveway. *Id*. at 750-751. The defendants argued that the driveway "was not effectively unavoidable because plaintiff could have taken a different route to the house by walking on the snow-covered yard." *Id*. at 754. However, we determined that although "other individuals were able to successfully navigate the slippery yard to access the home, reasonable minds could differ regarding whether traversing the yard provided a viable means by which plaintiff could have effectively avoided the slippery conditions." *Id*. at 764. "Further, [a]s a home healthcare aide, plaintiff did not have the option of abandoning her patient . . . ." *Id*. at 763-764. Therefore, we concluded that a genuine issue of material fact existed regarding whether the dangerous condition was effectively unavoidable, and that the trial court did not err in denying the defendant's motion for summary disposition. *Id*. at 764.

Here, defendant argues that the hazard was avoidable because plaintiff should have parked in the patient lot to the south of the VA building, an area that it claims had been plowed and salted.

---

[2] Typically, we would address whether the hazard was open and obvious before discussing whether the hazard was effectively unavoidable. However, the parties' have stipulated as to an amount of damages to be paid if the appellate process affirms the trial court on the basis of a question of fact on either issue.

However, it is undisputed that employees were directed to park in the employee lot and walk the path described above. Indeed, plaintiff testified that the one time she parked in the patient lot in violation of that directive she received a corrective e-mail from her supervisor. Nevertheless, defendant maintains that plaintiff should have parked in the patient lot because there was no written parking policy, and no employee had been sanctioned or disciplined for parking in the patient lot. However, given the corrective e-mail she received from her supervisor after previously parking in the patient lot, plaintiff was properly wary of doing so again. She explained that the employees were expected to be "team employees," and the evidence is that all other employees also parked in the employee lot on November 23, 2015. While the supervisor testified that he would have allowed plaintiff to park in the patient lot had she informed him of the icy conditions and requested that accommodation, plaintiff could not have known that at the time. Further, the credibility of the supervisor's post-accident position on that matter would be for the jury to determine. Indeed, the supervisor agreed that it was considered "very disrespectful" for employees to park in the patient lot considering that those spots were reserved for veterans.

Under the totality of the circumstances, we conclude that a reasonable jury could find that plaintiff was "compelled by extenuating circumstances" to park in the employee lot and to walk the distance from there to her workplace at the VA, *Lymon*, 314 Mich App at 764 (quotation marks and citation omitted), thereby requiring that she confront the icy conditions. The Supreme Court has granted oral argument on the question whether the need to enter one's workplace makes encountering a hazard effectively unavoidable. See *Livings v Sage's Investment Group, LLC*, ___ Mich ___ (2020) (Docket No. 159692). Viewing the evidence in a light most favorable to plaintiff, there is a question of fact for the jury regarding whether parking in the employee lot and walking to the VA building was effectively unavoidable.

Affirmed.

/s/ Thomas C. Cameron
/s/ Douglas B. Shapiro
/s/ Anica Letica