# STATE OF MICHIGAN

# COURT OF APPEALS

JACQUELINE ANNA REED,

        Plaintiff-Appellee,

v

STATE OF MICHIGAN and DEPARTMENT OF TECHNOLOGY, MANAGEMENT AND BUDGET,

        Defendants-Appellants.

FOR PUBLICATION
May 24, 2018
9:00 a.m.

No. 339835
Court of Claims
LC No. 16-000163-MZ

Before: METER, P.J., and GADOLA and TUKEL, JJ.

PER CURIAM.

In this case brought under the public-building exception to governmental immunity, MCL 691.1406, defendants appeal as of right the order of the Court of Claims denying their motion for summary disposition pursuant to MCR 2.116(C)(7). We affirm.

On June 12, 2015, plaintiff was walking on the "front porch" of the Michigan Hall of Justice in Lansing when she tripped on "sunken and uneven brick pavers," causing her to fall and sustain personal injuries. On September 29, 2015, plaintiff filed, in triplicate, a "Notice of Injury and Defect pursuant to MCL 691.1406" with the clerk of the Court of Claims. Plaintiff later filed a complaint in the Court of Claims on July 12, 2016.

Defendants sought summary disposition pursuant to MCR 2.116(C)(7), claiming that they were immune from suit because plaintiff failed to comply with the notice requirements of MCL 691.1406 by not serving notice on "the responsible governmental agency," defendant Department of Technology, Management and Budget (DTMB). In response, plaintiff argued that she satisfied the notice requirements by filing her notice in triplicate with the Court of Claims, as required by MCL 691.1404. The trial court denied defendants' motion, holding that based on MCL 691.1404, MCL 691.1406, and this Court's decision in *Goodhue v Dep't of Transp*, 319 Mich App 526; 904 NW2d 203 (2017), filing the notice in triplicate with the clerk of the Court of Claims was all that was required to fulfill the notice requirements of MCL 691.1404 and MCL 691.1406.

-1-

Defendant argues that governmental immunity bars this action because the statute required plaintiff to serve notice on the DTMB individually and *also* file the notice in triplicate with the Court of Claims. We disagree.

We review a trial court's decision on a motion for summary disposition de novo. *Moraccini v Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012). In deciding a motion for summary disposition under MCR 2.116(C)(7), a court must consider any affidavits, pleadings, depositions, admissions, and documentary evidence in the action or submitted by the parties. MCR 2.116(G)(5). The facts as alleged in the complaint "must be accepted as true unless contradicted" by the submitted evidence, and the court evaluates all evidence "in a light most favorable to the nonmoving party" in evaluating a claim under MCR 2.116(C)(7). *Moraccini*, 296 Mich App at 391. We also review de novo a determination regarding the application of a statutory exception to governmental immunity. *Snead v John Carlo, Inc*, 294 Mich App 343, 354; 813 NW2d 294 (2011).

When interpreting a statute, the "primary goal is to give effect to the intent of the Legislature." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). The words used in a statute are the "most reliable indicator" of intent and the words "should be interpreted based on their ordinary meaning and the context within which they are used in the statute." *Dep't of Envtl Quality v Worth Twp*, 491 Mich 227, 237-238; 814 NW2d 846 (2012). When the words are unambiguous, the court gives them "their plain meaning." *Rowland*, 477 Mich at 202. When the Legislature's intent is not clear from the plain language, "courts must interpret statutes in a way that gives effect to every word, phrase, and clause in a statute and avoid an interpretation that would render any part of the statute surplusage or nugatory." *Haynes v Village of Beulah*, 308 Mich App 465, 468; 865 NW2d 923 (2014) (quotation marks and citation omitted).

The governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, provides immunity from tort liability to governmental agencies when they are engaged in the exercise or discharge of a governmental function. MCL 691.1407(1); *Moraccini*, 296 Mich App at 391. However, the GTLA also provides several exceptions to this broad grant of immunity. *Wesche v Mecosta Co Rd Comm*, 480 Mich 75, 84; 746 NW2d 847 (2008). One of those exceptions is the public-building exception and is codified in MCL 691.1406 and states in relevant part:

> Governmental agencies have the obligation to repair and maintain public buildings under their control when open for use by members of the public. Governmental agencies are liable for bodily injury and property damage resulting from a dangerous condition or defective condition of a public building if the governmental agency had actual or constructive knowledge of the defect and, for a reasonable time after acquiring knowledge, failed to remedy the condition or to take action reasonably necessary to protect the public against the condition. . . . *As a condition to any recovery for injuries sustained by reason of any dangerous or defective public building, the injured person, within 120 days from the time the injury occurred, shall serve a notice on the responsible governmental agency of the occurrence of the injury and the defect.* The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the responsible governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. . . . *Notice to the state of Michigan shall be given as provided in* [*MCL 691.1404*]. [Emphasis added.]

MCL 691.1404(2), in turn, provides in pertinent part,

The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. In case of the state,[1] such notice shall be filed in triplicate with the clerk of the court of claims. Filing of such notice shall constitute compliance with [MCL 600.6431 of the Court of Claims Act, MCL 600.6401 *et seq.*[2]]

Once the notice is filed with the clerk of the Court of Claims, the clerk transmits a copy to the Attorney General and to the governmental agency designated in the notice. MCL 600.6431(2).

This Court recently addressed the interaction between MCL 691.1404, the highway exception, and MCL 600.6431 of the Court of Claims Act. *Goodhue*, 319 Mich App 526. In *Goodhue*, the issue was whether the plaintiff's claims under the GTLA's highway defect and public-building exceptions were barred under MCL 691.1404 when the plaintiff filed notice in the Court of Claims more than 120 days after an accident; that is, the issue was which time limit applied to the plaintiff's claims—the 120-day time limit applicable to these GTLA exceptions or the higher six-month time limit of MCL 600.6431(3) for filing an injury claim in the Court of Claims. *Id*. at 529, 534-536. The *Goodhue* Court concluded that "the notice provisions of MCL 691.1404 control[led]" and that because the plaintiff filed his notice with the clerk of the Court of Claims more than 120 days after the injury occurred, his filing was deficient and fatal to his claim. *Id*. at 534-537.

Defendants argue that the trial court, in denying defendants' motion for summary disposition, should not have relied on *Goodhue* because *Goodhue* is inapplicable due to the fact that the issue in that case was the timeliness of the plaintiff's notice, rather than the manner of service. Defendants, while relying on the fact that *filing* and *serving* have different definitions

---

[1] The GTLA defines "state" as including the state of Michigan and, in pertinent part, "its agencies" and "departments." MCL 691.1401(g).

[2] As explained, *infra*, although MCL 600.6431(3) provides that if the action is for property damage or personal injuries, a claimant must file written notice "within 6 months following the happening of the event giving rise to the cause of action," if the pertinent governmental immunity statute has a timing requirement, it is that requirement that controls. See *Goodhue*, 319 Mich App at 535-536.

and effects, further argue that the trial court's construction of MCL 691.1404(2) renders as surplusage its service requirement, and that the language of MCL 691.1404(2) makes plain that a plaintiff must both serve *and* file the required notice. We disagree and instead agree with the trial court that *Goodhue*, together with the plain language of MCL 691.1404(2) and MCL 691.1406, compels the conclusion that "[c]ompliance with the triplicate filing requirement is what is required of a plaintiff contemplating suit against the state under [the public-building] exception to governmental immunity, not the service requirements on individuals within [MCL 691.1404(2)]."

At issue is the correct interpretation of MCL 691.1406. We hold that the statute does not require a plaintiff to both separately serve the state *and* file her notice in the Court of Claims. Instead, the filing of the notice in the Court of Claims fulfills the service requirement. Indeed, *Goodhue* compels this result, as it interpreted *this exact same language*, although contained in MCL 691.1404 instead of MCL 691.1406, and came to this same conclusion. *Goodhue*, 319 Mich App at 534-535; see also *Empire Iron Mining P'ship v Orhanen*, 455 Mich 410, 426 n 16; 565 NW2d 844 (1997) (stating that identical language in the same act should be interpreted in the same manner).

For the public-building exception, the first paragraph of MCL 691.1406 establishes the requirement of serving notice "on the responsible governmental agency" "within 120 days from the time the injury occurred" and further describes what needs to be included in the notice. See *Goodhue*, 319 Mich App at 534-535 (interpreting identical language found in MCL 691.1404(1)). The second paragraph of MCL 691.1406 specifies *how* that service is to be effectuated, which is consistent with *Goodhue*'s reading of MCL 691.1404(2). See *Goodhue*, 319 Mich App at 535. While the paragraph generally states that "notice may be served upon any individual" who can accept civil process, it further explains that when notice is to be given to the state, notice "shall be given as provided in [MCL 691.1404]." MCL 691.1406. Thus, when the notice is to be provided to the state, the provisions in MCL 691.1404 that pertain to how notice is to be provided controls.

The *Goodhue* Court already has interpreted MCL 691.1404. Subsection (1) is not relevant in this case because it does not address how notice is to be provided.[3] But Subsection (2)

---

[3] The *Goodhue* Court stated that when a claim against the state is related to the public-building exception, then MCL 691.1406 dictates that notice is governed by MCL 691.1404. *Goodhue*, 319 Mich App at 534. This is true, but it is important to clarify that only the provisions of MCL 691.1404 that pertain to *how notice is provided* governs. In *Goodhue*, the Court, after stating that "the notice provisions of MCL 691.1404 control," quoted MCL 691.1404(1) and (2), *Goodhue*, 319 Mich App at 534, but subsection (1), which provides that notice is a condition to recovering for any injuries and provides the 120-day deadline in which to provide notice, technically is not relevant in a public-building exception case because the first paragraph of MCL 691.1406 describes these requirements for a such a public-building case.

-4-

details how that notice is to be effectuated. Specifically, the first sentence of Subsection (2) provides that the notice may be served upon an appropriate individual. However, the very next sentence clarifies that when the "state" is a defendant, "such notice shall be filed in triplicate with the clerk of the court of claims." [*Goodhue*, 319 Mich App at 535.]

The Court held that because the plaintiff had filed its notice with the Court of Claims, it therefore satisfied the statutory requirement. *Id.*

Accordingly, we hold that MCL 691.1404(2) does not require the filing of the notice in the Court of Claims to be a separate act that is done *in addition* to serving the notice. Instead, when the state is a party, Subsection (2) provides that service, in the case of the state, is effectuated by the filing of the notice in triplicate in the Court of Claims. *Id.* If the Legislature had intended for the notice to be served as described in the first sentence of MCL 691.1404(2) or the first sentence of the second paragraph of MCL 691.1406, then the Legislature would have used a word comparable to "also" in those provisions when it described that the notice is to be filed with the clerk of the Court of Claims.[4]

As a result, when a case invokes the public-building exception to governmental immunity and the defendant is a state under the GTLA, filing notice in triplicate with the Court of Claims is all that is necessary to effectuate service of the notice. Because plaintiff filed notice with the clerk of the Court of Claims, she satisfied the requirements of service under MCL 691.1406 and

---

The *Goodhue* Court did not quote MCL 691.1404(1) because it in all instances applies to a public-building exception case; rather, it quoted that subsection because the Court was simultaneously addressing a claim under the highway exception, MCL 691.1404. See *Goodhue*, 319 Mich App at 534. Moreover, we note that, as currently written, any incorrect inferences one could take from *Goodhue* would have no practical effect because both MCL 691.1404 for the highway exception and MCL 691.1406 for the public-building exception have nearly identical requirements, including that notice be served "on the responsible governmental agency" "within 120 days from the time the injury occurred." MCL 691.1404(1); MCL 691.1406. Further, they both provide the same general description of how notice is to be provided:

The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the responsible governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. [MCL 691.1404(2); MCL 691.1406.]

[4] As an example, if the Legislature had intended that a plaintiff must serve the notice as described in the first sentence of MCL 691.1404(2) *and* file that same notice with the Court of Claims, the second sentence of MCL 691.1404(2) would have read something to the effect, "In the case of the state, such notice shall *also* be filed in triplicate with the clerk of the court of claims." Instead, the statute as written provides for effecting service in two different situations: one for when the state is a party and one for when the state is not a party.

-5-

MCL 691.1404(2). And because plaintiff filed the notice on September 29, 2015, which defendants acknowledge was within 120 days of her June 12, 2015 accident, the notice was timely. The fact that she filed a subsequent notice after the 120-day deadline is not pertinent.

Affirmed.

/s/ Patrick M. Meter
/s/ Michael F. Gadola
/s/ Jonathan Tukel