*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

SAYLOR LAVALLII,

      Plaintiff-Appellant,

v

CENTRAL MICHIGAN UNIVERSITY,
CENTRAL MICHIGAN MEDICAL STAFF,
JOHN BONAMEGO, GINO GUIDUGLI, BENJY
WILBER, DR. GEORGE E. ROSS, DAVE
HEEKE, and CENTRAL MICHIGAN
UNIVERSITY BOARD OF REGENTS,

      Defendants,

and

CENTRAL MICHIGAN HEALTH AND DR.
MATTHEW R. JACKSON,

      Defendants-Appellees.

UNPUBLISHED
February 11, 2020

No. 346803
Court of Claims

LC No. 18-000036-MK

---

SAYLOR LAVALLII,

      Plaintiff-Appellant,

v

DR. MATTHEW R. JACKSON,

      Defendant-Appellee.

No. 346804
Court of Claims
LC No. 18-000107-MZ

---

Before: FORT HOOD, P.J., and BECKERING and BOONSTRA, JJ.

PER CURIAM.

-1-

In these consolidated appeals,[1] plaintiff appeals as of right an order entered by the Court of Claims granting summary disposition under MCR 2.116(C)(7) (immunity) and (C)(8) (failure to state a claim) in favor of defendant Dr. Matthew R. Jackson (Dr. Jackson), and granting summary disposition under MCR 2.116(I)(1) (party entitled to judgment as a matter of law) in favor of defendant Central Michigan Health. We affirm in part and we reverse in part.

## I. BACKGROUND

Plaintiff alleged before the Court of Claims that, as a student at Central Michigan University (CMU), plaintiff played football for the school from 2012 through 2014. After plaintiff's third year, plaintiff consulted with the former team doctor and the coaching staff about concussion-like symptoms and the possibility of taking a nonmedical "redshirt" year and not playing during the 2015 season, with the understanding that he would resume playing the following year. The coaching staff and athletic department subsequently asked plaintiff to take a "medical, noncount redshirt year," meaning that plaintiff's scholarship would not count against the total number of scholarships available to the team. Plaintiff agreed to this plan, but he alleged that he was not informed that this plan required him to be medically disqualified for the 2015 season and medically cleared the following year. In the meantime, plaintiff treated with doctors not affiliated with CMU, who concluded that plaintiff was medically able to resume playing football. Plaintiff alleged that, armed with this information, he met with the new team doctor, Dr. Jackson, who did not examine plaintiff and, at the same time, refused to give plaintiff medical clearance to resume playing. Plaintiff was notified by the athletic director by e-mail dated June 17, 2016, that plaintiff remained medically disqualified from rejoining the football team on the basis of Dr. Jackson's recommendation.

On August 3, 2017, plaintiff mailed a notice of intent to file a claim under MCL 600.2912b, addressed to CMU President George Ross, Dr. Jackson, CMU Medical Staff, and CMU Health. Plaintiff then filed complaints in February 2018 in the Isabella Circuit Court and in the Court of Claims against Dr. Jackson and other CMU defendants, alleging medical malpractice against Dr. Jackson, CMU Health, CMU, and CMU Medical staff, among other counts. Dr. Jackson was the only named defendant served with the circuit court complaint, which was ultimately transferred to the Court of Claims for consolidation with the parallel case in that court. The complaint filed in the Court of Claims was served on Dr. Jackson and an entity called "Central Michigan Health."[2] Initially, Central Michigan Health filed an acknowledgment of service, however the entity later filed a motion to revoke the acknowledgment, stating that McLaren Central Michigan had actually been served instead of Central Michigan Health, and that the two were separate and distinct entities.

Dr. Jackson subsequently moved for summary disposition under MCR 2.116(C)(7) and (C)(8), arguing in part that, in bringing his personal injury claim against an employee of a state

---

[1] *Lavallii v Central Mich Univ*, unpublished order of the Court of Appeals, entered January 24, 2019 (Docket Nos. 346803 and 346804).

[2] The Court of Claims dismissed all other defendants from the case for lack of service.

university, plaintiff did not comply with the notice requirement under MCL 600.6431(1). Shortly thereafter, plaintiff filed a motion for a protective order and for a scheduling order, arguing in part that the claims belonged in the circuit court. The Court of Claims granted summary disposition in favor of Dr. Jackson under MCR 2.116(C)(7) and (C)(8), and also granted summary disposition in favor of Central Michigan Health under MCR 2.116(I)(1).[3] The Court of Claims first determined that it had jurisdiction over plaintiff's claim against Dr. Jackson, and determined that plaintiff did not comply with the notice requirements of MCL 600.6431 as it applied to both defendants.

## II. DISCUSSION

Plaintiff argues that his claim against Dr. Jackson belongs in the circuit court and that the Court of Claims improperly held him to the notice requirement of MCL 600.6431. We disagree with plaintiff's first argument regarding the Court of Claims' jurisdiction, but we agree with the second argument regarding the notice provision as applied to Dr. Jackson.

A Court of Claims's grant of summary disposition is reviewed de novo. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999). The jurisdiction of the Court of Claims raises a question of statutory interpretation reviewed de novo. *AFSCME Council 25 v State Employees' Retirement Sys*, 294 Mich App 1, 6; 818 NW2d 337 (2011). Summary disposition is proper under MCR 2.116(C)(7) when the moving party can establish immunity. Neither the moving party nor the nonmoving party is required to include supporting documentation in a motion for summary disposition brought under MCR 2.116(C)(7) or in response to such a motion. *Maiden*, 461 Mich at 119. The allegations in the complaint must be accepted as true unless contradicted by other evidence. *Fane v Detroit Library Comm*, 465 Mich 68, 74; 631 NW2d 678 (2001). To avoid summary disposition, the plaintiff must "allege facts justifying application of an exception to governmental immunity." *Wade v Dep't of Corrections*, 439 Mich 158, 163; 483 NW2d 26 (1992). Summary disposition under MCR 2.116(C)(7) is not appropriate if a factual dispute exists. *Moraccini v Sterling Hts*, 296 Mich App 387, 391; 822 NW2d 799 (2012).

Summary disposition under MCR 2.116(C)(8) is appropriate when "[t]he opposing party has failed to state a claim on which relief can be granted."

> A motion under MCR 2.116(C)(8) tests the legal sufficiency of the complaint. All well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant. A motion under MCR 2.116(C)(8) may be granted only where the claims alleged are so clearly unenforceable as a matter of law that no factual development could possibly justify recovery. When deciding a motion brought under this section, a court considers only the pleadings. [*Maiden*, 461 Mich at 119-120 (quotation marks and citations omitted).]

---

[3] MCR 2.116(I)(1) permits a court to grant summary disposition sua sponte where there are no genuine issues of material fact and a party is entitled to judgment as a matter of law. MCR 2.116(I)(1); *Al-Maliki v LaGrant*, 286 Mich App 483, 485; 781 NW2d 853 (2009).

"If the pleadings show that a party is entitled to judgment as a matter of law, or if the affidavits or other proofs show that there is no genuine issue of material fact," summary disposition is also proper. MCR 2.116(I)(1).

The primary purpose of statutory interpretation is to effectuate the intent of the Legislature. *Reed v Michigan*, 324 Mich App 449, 452; 922 NW2d 386 (2018). The Court begins with the plain language of the statute and applies it as written when it is unambiguous. *Russell v Detroit*, 321 Mich App 628, 637; 909 NW2d 507 (2017). "The Legislature is presumed to have written the statute to mean what the Legislature intended it to mean." *McCahan v Brennan*, 291 Mich App 430, 433; 804 NW2d 906 (2011), aff'd 492 Mich 730; 822 NW2d 747 (2012).

## A. JURISDICTION OF THE COURT OF CLAIMS

First, we agree with the Court of Claims that it had jurisdiction over plaintiff's claims. Circuit courts are courts of general jurisdiction unless jurisdiction over a claim is statutorily assigned to another forum. Const 1963, art 6, § 13; MCL 600.605. Pertinent to this appeal, the Court of Claims has exclusive jurisdiction to

> hear and determine any claim or demand, statutory or constitutional, liquidated or unliquidated, ex contractu or ex delicto, or any demand for monetary, equitable, or declaratory relief or any demand for an extraordinary writ *against the state or any of its departments or officers notwithstanding another law that confers jurisdiction of the case in the circuit court*.
>
> * * *
>
> (7) As used in this section, "the state or any of its departments or officers" means this state or any state governing, legislative, or judicial body, department, commission, board, institution, arm, or agency of the state, *or an officer, employee, or volunteer of this state or any governing, legislative, or judicial body, department, commission, board, institution, arm, or agency of this state, acting, or who reasonably believes that he or she is acting, within the scope of his or her authority while engaged in or discharging a government function in the course of his or her duties*. [MCL 600.6419(1)(a) and (7) (emphasis added).]

The statute defining the jurisdiction of the Court of Claims was intended to give the Court of Claims jurisdiction over claims brought against "state defendants" and to supersede overlapping circuit court jurisdiction. *O'Connell v Dir of Elections*, 316 Mich App 91, 108; 891 NW2d 240 (2016).

"The determination whether the Court of Claims possesses jurisdiction is governed by the actual nature of the claim, not how the parties phrase the request for relief or the characterization of the nature of the relief." *AFSCME Council 25*, 294 Mich App at 6. In this case, the claim is a medical malpractice action against a state university football team physician. A medical malpractice claim "pertains to an action that occurred within the course of a professional relationship" and "raises questions of medical judgment beyond the realm of common knowledge and experience." *Bryant v Oakpointe Villa Nursing Centre, Inc*, 471 Mich 411, 422; 684 NW2d

864 (2004). Plaintiff described Dr. Jackson as the physician for the CMU football team and brought a claim of medical malpractice against Dr. Jackson in this role. Central Michigan University is a state institution. MCL 390.551. Therefore, plaintiff's complaint alleges a claim against a state employee acting within the scope of his authority while engaging in a government function, MCL 600.6419(1)(a) and (7), and for this reason, the Court of Claims properly asserted jurisdiction over plaintiff's complaint.

## B. NOTICE

Whether the Court of Claims has jurisdiction over the complaint is a distinct question from whether plaintiff complied with the proper notice provision. Principally, we affirm the Court of Claims's dismissal of plaintiff's claim against Central Michigan Health. However, we agree with plaintiff that the Court of Claims erred by dismissing his claim against Dr. Jackson on the basis that plaintiff did not comply with the notice requirement for bringing a claim against the state, MCL 600.6431.

With respect to the former, while there is no dispute that Dr. Jackson is a proper defendant in this case, the parties dispute whether the entity called "Central Michigan Health" is a proper defendant. This entity was not properly served, as demonstrated by its uncontested motion to revoke the acknowledgment of service. The record contains no further clarification regarding the entity named Central Michigan Health in relation to plaintiff's service of the complaint. Consequently, plaintiff's assumption that the clinic with which Dr. Jackson was affiliated was properly served and is properly considered a defendant is not supported by the record. Accordingly, the Court of Claims did not err by granting summary disposition under MCR 2.116(I)(1) in favor of Central Michigan Health, and we affirm that ruling.

With respect to Dr. Jackson, we conclude that the Court of Claims erred in applying the notice provisions of MCL 600.6431 to plaintiff's claim. MCL 600.6431 requires a claimant to give notice of a personal injury claim against the state within six months of the event underlying the claim:

> (1) No claim may be maintained *against the state* unless the claimant, within 1 year after such claim has accrued, files in the office of the clerk of the court of claims either a written claim or a written notice of intention to file a claim *against the state or any of its departments, commissions, boards, institutions, arms or agencies*, stating the time when and the place where such claim arose and in detail the nature of the same and of the items of damage alleged or claimed to have been sustained, which claim or notice shall be signed and verified by the claimant before an officer authorized to administer oaths.

> (2) Such claim or notice shall designate *any department, commission, board, institution, arm or agency of the state* involved in connection with such claim, and a copy of such claim or notice shall be furnished to the clerk at the time of the filing of the original for transmittal to the attorney general and to each of the *departments, commissions, boards, institutions, arms or agencies designated*.

(3) In *all actions for property damage or personal injuries*, claimant shall file with the clerk of the court of claims a notice of intention to file a claim or the claim itself within 6 months following the happening of the event giving rise to the cause of action.  [Emphasis added.]

The Court of Claims erred by referring to claims against the state without acknowledging the distinction between the state and its individual employees.  Unlike the statute defining the jurisdiction of the Court of Claims, MCL 600.6419, the notice provision for bringing a claim against the state does not refer to individual employees of the state but to claims brought "against the state or any of its departments, commissions, boards, institutions, arms or agencies," MCL 600.6431(1).  This Court recently held in *Pike v Northern Mich Univ*, 327 Mich App 683, 694-696; 935 NW2d 86 (2019), that this provision does not apply "to officers, employees, members, volunteers, or other individuals," nor did it incorporate the definition of "the state or any of its departments or officers" used in the Court of Claims jurisdictional statute, MCL 600.6419(7). Thus, in this case, because Dr. Jackson is an individual, MCL 600.6431 does not apply.

Dr. Jackson attempts to distinguish *Pike* by arguing that *Pike* did not address MCL 600.6431(3) when the plaintiff filed a notice of intent in the Court of Claims, which is significant because MCL 600.6431(3) applies to "all actions" for personal injury claims.  However, this argument improperly isolates subsection (3) without reference to subsections (1) and (2), which is contrary to how the Supreme Court and this Court have construed MCL 600.6431.  The three subsections of MCL 600.6431 should be read together:

> Subsection (1) sets forth the general rule, for which subsection (2) sets forth additional requirements and which subsection (3) modifies for particular classes of cases that would otherwise fall under the provisions of subsection (1). *Accordingly, subsection (3) incorporates the consequence for noncompliance with its provisions expressly stated in subsection (1) and does not otherwise displace the specific requirements of subsection (1) other than the timing requirement for personal injury or property damage cases*.  [*McCahan*, 492 Mich at 742.]

Beginning with subsection (1) of MCL 600.6431, this Court concluded in *Pike*, 327 Mich App at 698, that MCL 600.6431 does not apply to individuals.  Therefore, the language of subsection (3) is irrelevant to plaintiff's claim against Dr. Jackson because plaintiff's claim is not subject to the notice provision of MCL 600.6431 by virtue of subsection (1).[4]

In an attempt to bridge the gap between the state and the individual, Dr. Jackson argues that the reference to "all" personal injury actions in MCL 600.6431(3) refers to actions against

---

[4] Dr. Jackson relies on the fact that *Pike* did, in fact, apply MCL 600.6431(3), but overlooks that the statute's application pertained to the *university* as a defendant and not to the individual instructor.  *Pike*, 327 Mich App at 692.  For the same reason, Dr. Jackson's reliance on *McCahan*, 492 Mich at 739, is also unavailing.  *McCahan* is distinguishable from this case because the plaintiff in *McCahan*, 492 Mich at 733, proceeded against a university.

state employees, as stated in MCL 600.6419(7). However, again, *Pike* rejected the same argument and reached the contrary conclusion when it ruled that MCL 600.6431 did not incorporate the definition of the state in MCL 600.6419. *Pike*, 327 Mich App at 698. In short, *Pike*'s conclusion that the notice provision for bringing a claim against the state, MCL 600.6431, does not apply to an individual squarely controls the issue in this case. Moreover, we note that the governmental tort liability act (GTLA), MCL 691.1401 *et seq.*, contains no further discussion of a claim relating to medical care after providing that a state employee generally does not have governmental immunity "with respect to providing medical care or treatment to a patient," MCL 691.1407(4). In contrast, the notice provision governing medical malpractice actions more generally, MCL 600.2912b, does refer to an individual health professional. Reading these provisions together supports plaintiff's argument that the removal of a medical malpractice claim from the GTLA then directs a plaintiff to the provisions governing a medical malpractice claim.

## III. CONCLUSION

The notice provision of MCL 600.6431 does not apply to a medical malpractice claim brought against an individual practitioner, and thus, the Court of Claims erred in dismissing plaintiff's complaint against Dr. Jackson for that reason. In all other respects, we agree with the determinations made by the Court of Claims.

We affirm the Court of Claims's order as it pertains to the dismissal of Central Michigan Health, and we affirm the Court of Claims's jurisdictional analysis. We reverse the Court of Claims's grant of summary disposition in favor of Dr. Jackson, and we remand for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Karen M. Fort Hood
/s/ Jane M. Beckering
/s/ Mark T. Boonstra

-7-