*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

NORMAN CHAMPINE,

Plaintiff-Appellant,

v

DEPARTMENT OF TRANSPORTATION,

Defendant-Appellee.

UNPUBLISHED
April 16, 2020

No. 347398
Court of Claims
LC No. 18-000028-MZ

Before: CAMERON, P.J., and SHAPIRO and LETICA, JJ.

PER CURIAM.

Plaintiff, Norman Champine, appeals as of right the Court of Claims' order granting summary disposition under MCR 2.116(C)(7) to defendant, the Department of Transportation (MDOT), because plaintiff's notice to bring a suit for a highway defect was inadequate under MCL 691.1404. We affirm.

## I. BACKGROUND

In December 2017, plaintiff was driving west on I-696 in Macomb County when a large piece of concrete became dislodged from the road's surface and smashed through the windshield of plaintiff's vehicle. The concrete struck plaintiff, causing severe injuries to his head and face. On December 28th, plaintiff mailed a notice to defendant to inform it of the highway defect, but he did not file this notice with the Clerk of the Court of Claims.

On February 6, 2018, plaintiff filed a complaint in the Court of Claims. Plaintiff argued that defendant owed him a duty to maintain the highway in reasonable repair so it was reasonably safe and convenient for public travel under MCL 691.1402(1), and that defendant breached its duty. The next day, plaintiff mailed an amended notice to defendant and attached the police report regarding the incident. Once again, plaintiff did not file this notice with Clerk of the Court of Claims.

Defendant moved for summary disposition under MCR 2.116(C)(7), arguing that plaintiff failed to comply with the notice requirements under MCL 691.1404 prior to bringing a suit under

-1-

the highway exception to governmental immunity. The Court of Claims granted defendant's motion for summary disposition.

This appeal follows.

## II. DISCUSSION

Plaintiff argues that the Court of Claims erred when it granted summary disposition to defendant because his complaint, which he filed in the Court of Claims within the 120-day statutory notice period, constituted adequate notice. We disagree.

### A. STANDARD OF REVIEW AND LEGAL STANDARDS

We review a ruling on a motion for summary disposition de novo. *Odom v Wayne Co*, 482 Mich 459, 466; 760 NW2d 217 (2008). "We also review de novo the application of a statutory exception to governmental immunity." *Reed v Michigan*, 324 Mich App 449, 452; 922 NW2d 386 (2018). Summary disposition is proper under MCR 2.116(C)(7) when the moving party has "immunity granted by law." The moving party may support a motion brought under MCR 2.116(C)(7) with documentation. *Maiden v Rozwood*, 461 Mich 109, 119; 597 NW2d 817 (1999). The allegations in the complaint must be taken as true unless other documentation contradicts them. *Odom*, 482 Mich at 466.

The purpose of statutory interpretation "is to ascertain and give effect to the Legislature's intent." *Burise v Pontiac*, 282 Mich App 646, 650; 766 NW2d 311 (2009). Statutory construction begins with "the language of the statute itself." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 202; 731 NW2d 41 (2007). "When undertaking statutory interpretation, the provisions of a statute should be read reasonably and in context." *McCahan v Brennan*, 492 Mich 730, 739; 822 NW2d 747 (2012).

The scope of governmental immunity is construed broadly, while the exceptions are narrowly interpreted. *Milot v Dep't of Transp*, 318 Mich App 272, 276; 897 NW2d 248 (2016). "It is well established that statutory notice requirements must be interpreted and enforced as plainly written and that no judicially created saving construction is permitted to avoid a clear statutory mandate." *Atkins v Suburban Mobility Auth for Regional Transp*, 492 Mich 707, 714-715; 822 NW2d 522 (2012). "However, when notice is required of an average citizen for the benefit of a governmental entity, it need only be understandable and sufficient to bring the important facts to the governmental entity's attention." *Plunkett v Dep't of Transp*, 286 Mich App 168, 176; 779 NW2d 263 (2009). "Thus, a liberal construction of the notice requirements is favored to avoid penalizing an inexpert layman for some technical defect." *Id*.

The governmental tort liability act, MCL 691.1401 *et seq*., generally immunizes state agencies from tort liability, subject to certain enumerated exceptions, when they are "engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). One exception is the "highway exception," which permits claims arising from defective highways. *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000). MCL 691.1402(1) sets forth the governmental agency's responsibility to maintain the highway and the exception to governmental immunity:

Each governmental agency having jurisdiction over a highway shall maintain the highway in reasonable repair so that it is reasonably safe and convenient for public travel. A person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency[.]

In turn, the relevant notice[1] provision, MCL 691.1404, provides:

(1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred, except as otherwise provided in subsection (3) shall serve a notice on the governmental agency of the occurrence of the injury and the defect. The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.

(2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. In case of the state, such notice shall be filed in triplicate with the clerk of the court of claims. Filing of such notice shall constitute compliance with [MCL 600.6431], requiring the filing of notice of intention to file a claim against the state.

"Accordingly, *before bringing suit*, a claimant must provide, within 120 days from the time of injury, notice to the governmental agency that (1) specifies the exact location and nature of the defect, (2) identifies the injuries sustained, and (3) provides the names of any known witnesses." *Burise*, 282 Mich App at 653 (emphasis added). "The principal purposes to be served by requiring notice are simply (1) to provide the governmental agency with an opportunity to investigate the claim while it is still fresh and (2) to remedy the defect before other persons are injured." *Plunkett*, 286 Mich App at 176-177. In the event that a plaintiff's notice is deficient, it will be fatal to his or her claim against a governmental agency. *Goodhue v Dep't of Transp*, 319 Mich App 526, 535; 904 NW2d 203 (2017).

Our Supreme Court has previously stated that "MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect" and, thus, that "it must be enforced as written." *Rowland*, 477 Mich at 219. Subsection (1) of MCL 691.1404 sets forth the deadline for filing notice of the claim and the contents of the notice, while subsection (2) "details how that notice is

---

[1] There are two notice provisions implicated here. MCL 691.1403 states that a governmental agency is not liable for injuries and damages caused by a defective highway unless the governmental agency knew, or should have known, of the defect and had a reasonable time to repair the defect prior to the injury. However, defendant did not argue that plaintiff's notice under this provision was defective and asserts that the notice requirement discussed herein is the only one at issue. Thus, we decline to address this provision further. See *Wilson v Alpena Co Rd Comm*, 474 Mich 161, 165 n 6; 713 NW2d 717 (2006).

to be effectuated." *Goodhue*, 319 Mich App at 535. The reference to "such notice" in MCL 691.1404(2) refers to the notice described in MCL 691.1404(1). *Id.* at 536-537. When the state is the defendant, MCL 691.1404(2) does not require service and filing of the notice on the responsible governmental agency; rather, service on the state "is effectuated by filing the notice in triplicate in the Court of Claims." *Reed*, 324 Mich App at 457.

## B. ANALYSIS

Here, we conclude that the Court of Claims properly construed the procedural requirements of the notice provision by determining that a complaint cannot satisfy the statutory notice requirements.

As an initial matter, we note that the statute does not require the notice to take any particular form, only that it disclose the required information. *Burise*, 282 Mich App at 654. In *Burise*, we specifically rejected the defendant's argument that the plaintiff was required to submit written notice on a preprinted claim form. *Id.* at 648, 654. However, internal documents the agency produces do not constitute notice because those documents were not delivered to or served on the agency, as a comparable notice provision requires. *Fields v Suburban Mobility Auth for Regional Transp*, 311 Mich App 231, 236; 874 NW2d 715 (2015) ("[A] plaintiff cannot rely on the internal documents of a defendant [governmental agency]."). Although a complaint is served on a defendant, we nonetheless must separately determine whether a complaint is an acceptable form of notice within the context of the statutory notice requirements.

The Court of Claims reasoned that the notice provision contemplates the filing of notice before the filing of a complaint. The plain statutory language supports this interpretation. First, service of the notice is a "condition to any recovery for injuries sustained by reason of any defective highway." MCL 691.1404(1). When the Legislature chooses to subject the state to liability, "it may also place conditions or limitations on the liability imposed. Statutory notice provisions are a common means by which the government regulates the conditions under which a person may sue governmental entities." *Atkins*, 492 Mich at 714. The opening clause of MCL 691.1404(1) establishes that notice is a condition precedent to recovering damages, which supports the interpretation that notice must precede the filing of a complaint to recover damages. Moreover, we reject plaintiff's attempt to distinguish the notice required to "recover[]" damages from the notice required to commence a suit. We have previously interpreted the relevant language as referring to the notice requirements to bring a suit, and not merely to recover damages from an alleged injury. *Burise*, 282 Mich App at 653. It also follows that the only purpose for plaintiff to have brought his complaint was to recover damages for his injuries.

Second, the different ways that notice can be served supports the Court of Claims' reasoning that the statute contemplates the filing of separate notice before the filing of a complaint. Notice must be served on an individual on behalf of the responsible governmental agency and it must be filed in the Court of Claims when the state is the defendant. MCL 691.1404(2); *Reed*, 324 Mich App at 457. In the context of MCL 600.6431— which is satisfied by notice compliant with MCL 691.1404 in a highway-defect proceeding like this—our Supreme Court described the purpose of the requirement for filing notice of a claim against the state with the Court of Claims:

By naming the Clerk of the Court of Claims as the agent for the receipt of verified notice of potential claims, the Legislature has established a clear procedure that eliminates any ambiguity about whether an attempted notice is effective. A claimant who complies with MCL 600.6431 need not worry about whether a notice was properly received and processed by the correct governmental entity. By the same token, state entities can be secure knowing that only timely, verified claims in notices filed with the Court of Claims can give rise to potential liability, that the proper entity as well as the Attorney General will be notified, and that only such claims need to be investigated in anticipation of potential litigation. [*McCahan*, 492 Mich at 744 n 24.]

Allowing a plaintiff to serve the notice on the state through filing it with the Clerk of the Court of Claims indicates that the statute contemplates that the filing of notice is a separate event from the filing of the complaint. Namely, serving the notice through the Court of Claims is intended to ensure delivery to the proper recipient. In contrast, a complaint filed in the Court of Claims must be served on the defendant independently from filing the complaint. See MCR 2.102 (governing service of a complaint on a defendant). These different procedures demonstrate that the Legislature intended for the filing of the notice and the filing of the complaint to be separate events.

Plaintiff, relying on the medical malpractice notice provision in MCL 600.2912b, argues that a statute requiring pre-suit notice explicitly distinguishes between pre-suit notice and the commencement of an action. MCL 600.2912b is distinguishable from MCL 691.1404 because it provides for a response period for the health professional who received notice of the medical malpractice claim to respond to the notice before the claimant may commence an action. The statutory notice scheme in MCL 600.2912b is unique to medical malpractice claims brought against a health professional. Plaintiff correctly asserts that he could have filed the notice here 120 days after the incident and a complaint 121 days after the incident. However, the absence of an explicit distinction between notice and the commencement of an action in MCL 691.1404, in contrast to in MCL 600.2912b, does not alone demonstrate that a complaint constitutes notice here. See *Donajkowski v Alpena Power Co*, 460 Mich 243, 258; 596 NW2d 574 (1999) (reasoning that legislative silence alone is not persuasive). Therefore, plaintiff's reliance on MCL 600.2912b sheds no light on the interpretation of the plain language of MCL 691.1404.

We also reject plaintiff's assertion that we are bound to follow our previous posture in *Goodhue*, 319 Mich App at 535 & n 4, wherein we assumed, without deciding, that a complaint could serve as notice before we concluded that the plaintiff's notice was untimely. In that case, we specifically declined to decide this issue because it was not relevant to the dispositive question. Thus, it is not relevant to the issue before us here.

Lastly, plaintiff argues that the purpose of the notice provision was fulfilled when defendant became aware of the state of the road as a result of the police investigation and the police contact with an MDOT employee immediately after the accident. In essence, plaintiff argues that defendant was not prejudiced by plaintiff's failure to provide notice before filing a complaint. The notice provision requires strict compliance and a showing of prejudice is not required. *Rowland*, 477 Mich at 219. Therefore, plaintiff's argument regarding defendant's immediate knowledge of the condition of the road is meritless.

In conclusion, the Court of Claims properly interpreted the notice provision at issue, determined that plaintiff failed to comply with it, and dismissed plaintiff's claim under MCL 691.1404.[2]

Affirmed.

/s/ Thomas C. Cameron
/s/ Anica Letica

---

[2] We decline to address the Court of Claims' alternative determination that, assuming plaintiff's complaint served as proper notice, plaintiff also failed to meet the requirement to describe an exact location of the incident.