*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MORGAN DEVELOPMENT, LLC,

       Plaintiff-Appellee,

v

CITY OF DETROIT,

       Defendant-Appellant.

UNPUBLISHED
June 25, 2020

No. 346230
Wayne Circuit Court
LC No. 18-002386-CH

Before: TUKEL, P.J., and SERVITTO and BECKERING, JJ.

PER CURIAM.

Defendant, city of Detroit, appeals as of right the trial court's partial denial of defendant's motion for summary disposition. Defendant raises two additional issues on appeal related to the same order. In an effort to conserve judicial resources, we consider these two additional issues as on leave granted. MCR 7.216(A)(3). We affirm.

## I. RELEVANT FACTS AND PROCEDURAL BACKGROUND

In 2006, the parties entered into a contract for plaintiff to develop and build on 17.8 acres of undeveloped land located in Detroit, generally referred to as Lenox Waterfront Estates (the Lenox Property). Although plaintiff began work under the contract, ultimately it requested an extension of the contractual deadlines because the real estate downturn made development of the property unprofitable. Defendant refused and began the process to revert title of the property from plaintiff to itself. Litigation ensued and, in settlement of the claims, the parties executed a new development agreement on April 22, 2016. Under the terms of the 2016 agreement, plaintiff was required to pay defendant additional funds at closing, after which defendant was to provide plaintiff with a deed to the Lenox Property. The 2016 agreement defined "Closing" as "a date agreed upon by the parties hereto for the transfer of title to the Property, but in no event shall said date be more than nine (9) months from the date of this Agreement."

According to plaintiff, defendant delayed the closing until December 16, 2016, and required plaintiff to pay an additional $167,000. Defendant, however, never conveyed title to the Lenox Property to plaintiff by quit claim deed as required under the 2016 agreement. Plaintiff was never able to access financing that it had secured because it had not received title to the property,

but it expended substantial additional amounts to further develop the property. In December 2017, however, plaintiff received a notice demanding that it stop work immediately and to take certain steps before restarting work. When plaintiff attempted to comply with the required steps, defendant allegedly told plaintiff that it would not allow plaintiff to do so. Plaintiff thus obtained counsel and notified defendant that if defendant failed to record a deed transferring title of the Lenox Property to plaintiff, plaintiff would seek all remedies available under the agreement, including specific performance. Defendant responded with a letter to plaintiff declaring plaintiff in default under the 2016 agreement.

In March 2018, plaintiff filed a complaint against defendant asserting claims of breach of contract, inverse condemnation, conversion, ejectment, slander of title, and unjust enrichment, and seeking specific performance, to quiet title to the Lenox Property, and injunctive relief. In lieu of filing an answer, defendant filed a motion for summary disposition under MCR 2.116(C)(7), (8), and (10), alleging, among other things, governmental immunity, a ripeness issue, contract preclusion, and duplicative claims. The trial court ultimately issued an order partially granting defendant's motion, but denying summary disposition on plaintiff's intentional tort, quiet title, specific performance, and injunctive relief claims. Defendant now appeals that order.

## II. STANDARD OF REVIEW

This Court reviews de novo a trial court's decision to grant summary disposition. *Barnard Mfg Co, Inc v Gates Performance Engineering, Inc*, 285 Mich App 362, 369; 775 NW2d 618 (2009). MCR 2.116(C)(7) allows for summary disposition when a claim is barred because of immunity granted by law. "When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them." *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). A motion for summary disposition under MCR 2.116(C)(8) tests the legal sufficiency of a complaint. "Under this subrule all well-pleaded factual allegations are accepted as true and construed in a light most favorable to the nonmovant." *Liggett Rest Group, Inc v City of Pontiac*, 260 Mich App 127, 133; 676 NW2d 633 (2003). Under MCR 2.116(C)(10), summary disposition is appropriate when there is no genuine issue with respect to any material fact and the moving party is entitled to judgment as a matter of law. When reviewing a motion for summary disposition brought under MCR 2.116(C)(10), "a court must examine the documentary evidence presented and, drawing all reasonable inferences in favor of the nonmoving party." *Dextrom*, 287 Mich App at 415. This Court also reviews de novo issues of statutory interpretation, *Beckett-Buffum Agency, Inc v Allied Prop & Cas Ins Co*, 311 Mich App 41, 44; 873 NW2d 117 (2015), and determinations regarding the application of a statutory exception to governmental immunity. *Reed v State of Michigan*, 324 Mich App 449, 452; 922 NW2d 386 (2018).

## III. ANALYSIS

Defendant first claims that the trial court erred when it denied summary disposition on plaintiff's intentional tort claims of conversion, ejectment, and slander of title, averring that defendant was completely immune from those claims under MCL 691.1407(1) and the trial court erroneously concluded that the "proprietary function" exception found in MCL 691.1413 was applicable. We disagree.

"The primary goal of statutory interpretation is to give effect to the Legislature's intent," and it is well-recognized that "[t]he words of a statute provide the most reliable evidence of its intent[.]" *Klooster v City of Charlevoix*, 488 Mich 289, 296; 795 NW2d 578 (2011) (quotation marks and citations omitted). Consequently, we focus on the statute's plain language. *Id.* "Unless statutorily defined, every word or phrase of a statute should be accorded its plain and ordinary meaning, taking into account the context in which the words are used." *Krohn v Home-Owners Ins Co*, 490 Mich 145, 156; 802 NW2d 281 (2011). A dictionary may be consulted to determine a word's common and ordinary meaning. *Id.* "When the language is clear and unambiguous, we will apply the statute as written and judicial construction is not permitted." *Driver v Naini*, 490 Mich 239, 247; 802 NW2d 311 (2011). [*Beckett-Buffum*, 311 Mich App at 44.]

Governmental agencies are generally immune from liability for tort claims when "the government agency is engaged in the exercise or discharge of a governmental function." MCL 691.1407(1). However, MCL 691.1413 provides, in relevant part:

The immunity of the governmental agency shall not apply to actions to recover for bodily injury or property damage arising out of the performance of a proprietary function as defined in this section. Proprietary function shall mean any activity which is conducted primarily for the purpose of producing a pecuniary profit for the governmental agency, excluding, however, any activity normally supported by taxes or fees.

In this case, the trial court determined that plaintiff had pleaded sufficient facts to establish that defendant's actions fell under the proprietary function exception.

The parties' arguments regarding the applicability of the exception differ, in part, because they have either broadly or narrowly defined defendant's actions in this case. Defendant focuses on the fact that the contract was executed by the planning and development board and was designed to stabilize neighborhoods and get properties back on the tax rolls, thereby falling squarely within the exercise or discharge of a governmental function. Plaintiff, on the other hand, characterizes defendant as selling the Lenox Property as its "proprietor," and, thus, not in the exercise of a governmental function at all. Plaintiff then further argues that even if defendant's selling of the property was a governmental function, its primary purpose in selling the property was "producing a pecuniary profit for the governmental agency," placing it squarely within the exception found in MCL 691.1413.

Defendant's sole citation for its premise that its actions constituted a governmental function is *Jenkins v City of Detroit*, unpublished per curiam opinion of the Court of Appeals, issued November 6, 2001 (Docket Nos. 215116, 215117, and 215118). We reject defendant's reliance on *Jenkins* for three reasons. First, *Jenkins* is unpublished, so its holdings are not binding on this Court. MCR 7.215(C)(1). Second, the *Jenkins* opinion relies on trial testimony for its determination that "urban development and stabilization of neighborhoods are the sorts of activities normally funded through taxes." *Jenkins*, unpub op at 5. Thus, this is not a legal determination or holding, but a factual statement based on testimonial evidence found in the record; something that does not exist in this case. Third, there is a substantial factual difference

between *Jenkins* and the instant case. In *Jenkins*, this Court noted "that the offers of repurchase were made to the prior owners of title who were residing in Detroit, and not to the general population, [which] indicates that the sales were not essentially commercial in nature." *Id.* at 4. In the instant case, the properties were sold to developers for significant amounts of money. The developer was required to improve the property, construct residences on it and generally increase its value, and, eventually, sell the developed properties to homeowners or businesses. This was not an exchange designed primarily to benefit current residents at minimal expense to the city in exchange for back taxes and funds to pay county taxes. This was a commercial transaction in which the city sold the property at a discount to a developer with the understanding that the developer would improve the property and make a profit, ultimately providing the city with property that would be added back onto the tax rolls and increase the tax income to the city, and the purchase price from the developer was essentially all profit which the city could use for other things.

Indeed, plaintiff argued to the trial court that it paid $1.3 million to the city for the property, and paid over $165,000 in further costs at the closing, reflecting a profit for the city. Plaintiff also argued in its reply to defendant's motion for summary disposition, "[m]oreover, these funds were deposited into the general fund of the city and not utilized for any direct cost associated with the city's sale of the Lenox Property." Plaintiff raised this argument again at the motion hearing. Now, for the first time, and only in its reply brief, defendant argues that plaintiff provided no evidence to support its argument that the primary purpose of the sale was for profit.

This argument is also unavailing. First, this argument is not properly before us because " 'raising an issue for the first time in a reply brief is not sufficient to present the issue for appeal.' " *Bronson Methodist Hosp v Mich Assigned Claims Facility*, 298 Mich App 192, 199; 826 NW2d 197 (2012), quoting *Blazer Foods, Inc v Restaurant Props Inc*, 259 Mich App 241, 252; 673 NW2d 805 (2003) (alteration in *Bronson* omitted). Second, even if defendant had properly raised this issue in its appellate brief, when this Court reviews a motion for summary disposition, it must rely solely on the record as it existed at the time the trial court made its decision and will not consider arguments that were not presented to the lower court for consideration in ruling on the motion. *Barnard*, 285 Mich App at 381. Because defendant did not raise this argument before the trial court for consideration, this Court cannot now consider it. *Id.* Finally, even considering the substance of the argument, the lack of documentary evidence to determine whether the proprietary function exemption applied in this case is the result of defendant's failure to support its burden of production. When a party files a motion for summary disposition, it must support its motion with documentary evidence in support of the grounds asserted. MCR 2.116(G)(3). The trial court was required to accept all of plaintiff's well-pleaded allegations as true and construe them in the light most favorable to plaintiff. Plaintiff having alleged that the proprietary function exception applied, defendant was required to present evidence to support its assertion that the exception did not apply. Thus, it was defendant who bore the burden of providing evidence to support its contention that profit was not the primary purpose of the sale of the Lenox Property. "If the moving party fails to properly support its motion for summary disposition, the nonmoving party has no duty to respond . . . ." *Barnard*, 285 Mich App at 370. Under these circumstances, where defendant bore the burden of producing evidence to support its argument that the proprietary function exception did not apply, plaintiff had no obligation to provide evidence to support its allegation that the exception did apply.

Defendant next asserts that the trial court erred when it denied summary disposition on plaintiff's quiet title claim because plaintiff failed to allege title superior to defendant. This argument is meritless. The fact that plaintiff does not have a deed that reflects some type of property right does not preclude its quiet title action. Under MCL 600.2932(1),

> [a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not.

Plaintiff alleged that it had complied with the terms of the 2016 agreement, after which defendant was required to transfer title of the property to plaintiff. By providing a copy of the 2016 agreement in conjunction with its allegations, plaintiff established that it arguably had a right to the Lenox Property under the terms of that contract and that its right to the Lenox Property was superior to defendant's rights. In addition, plaintiff and defendant disputed whether plaintiff had complied with the terms of the 2016 agreement, thereby establishing a question of fact about whether plaintiff was entitled to a deed reflecting ownership of the Lenox Property. Therefore, the trial court did not err when it concluded that plaintiff had argued that it had superior title to the Lenox Property and when it denied defendant summary disposition on that basis.

Lastly, defendant argues that the trial court erred by failing to dismiss plaintiff's injunctive relief count as duplicative of its specific performance count. Defendant contends that the counts are duplicative because they both seek to force defendant to convey the Lenox property to plaintiff and authorize construction on the property without unwarranted interference by defendant. We disagree.

Whether claims are duplicative is generally determined not by the relief they seek, but in the proofs required to establish a right to recovery. This is because MCR 2.111(A)(2)(b) permits a litigant to plead "as many separate claims or defenses as it has, regardless of consistency and whether they are based on legal or equitable grounds or both." Litigants are thus precluded from duplicate recoveries, but they are within their rights to plead in the alternative. See also *Frieburger v Dep't of Mental Health*, 161 Mich App 316, 319-320; 409 NW2d 821 (1987) (a given set of facts may give rise to more than one cause of action, such that it would be improper to summarily dismiss one claim merely because it relies upon the same set of facts as another claim).

Dismissal for duplicative claims can occur when a party has provided a separate label to the exact same claim. See, e.g., *Burnett v City of Adrian*, 414 Mich 448, 453-454; 326 NW2d 810 (1982). However, in this case, regardless of whether plaintiff's specific performance and injunctive relief counts seek the same relief, the law does not consider them to be duplicative claims. Furthermore, as plaintiff notes, Counts II and X do not seek the same relief. Plaintiff's specific performance count seeks to have the trial court order defendant to "perform its obligations under the Development Agreement," while its count for injunctive relief sought to prohibit defendant from continuing to engage in actions that prevented plaintiff from constructing the project. Thus, Count II seeks an order requiring defendant to take certain actions, while Count X seeks an order prohibiting defendant from taking certain actions. The effects of both orders may ultimately be the same, but the relief requested is not identical. For example, assuming that the

trial court determines that plaintiff is entitled to specific performance, it retains the option of also granting injunctive relief depending on whether it believes defendant has been actively attempting to prevent plaintiff from completing the project in an attempt to realize additional funds from a subsequent sale to a third party, or it believes that defendant honestly believed that plaintiff had violated the 2016 agreement. Were the claims identical, the trial court's determination that plaintiff was entitled to specific performance would necessarily give plaintiff the relief it sought from the injunctive relief. Because the trial court can grant one count without necessarily providing the relief sought in the other, the trial court did not err when it determined that Counts II and X were not duplicative.

Affirmed.

/s/ Jonathan Tukel
/s/ Deborah A. Servitto
/s/ Jane M. Beckering