*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LAILA MADBAK,

        Plaintiff-Appellant,

v

CITY OF FARMINGTON HILLS,

        Defendant-Appellee.

UNPUBLISHED
November 21, 2023

No. 364734
Oakland Circuit Court
LC No. 22-191923-NO

Before: BOONSTRA, P.J., and GADOLA and MALDONADO, JJ.

PER CURIAM.

In this case alleging negligence against Farmington Hills (the City), plaintiff appeals as of right the circuit court's order granting the City's motion for summary disposition on the basis that plaintiff failed to comply with the statutory notice requirements for invoking the highway exception of the governmental tort liability act (GTLA), MCL 691.1401 *et seq.* We affirm.

## I. FACTS

This case arose from injuries plaintiff sustained on August 27, 2020, when she tripped and fell while walking on a street in Farmington Hills. Plaintiff and her adult son were walking together in his neighborhood when, about four or five houses from her son's house, plaintiff tripped and fell. Plaintiff described the incident as follows: "My shoes were stuck in the hole, in the crack and I fell down on my face and I put my hands down to support my body and I was lying down on my tummy and my–and even my face, my nose, they were all bruises…." When asked if she observed any cracks before she fell, plaintiff stated, "There were so many cracks all over the area and my son was telling me take care here, watch here, take care here, and I was walking and watching every crack but this one, I guess it was much bigger than it should be and my shoes were in the crack. And I tripped and fell down." According to plaintiff, her son was two steps ahead with his back to her when she fell. Plaintiff fractured her left wrist and received medical treatment that day. She later required surgery and physical therapy.

Plaintiff's counsel mailed a letter via certified mail to the City which was received on November 12, 2020. The letter's title states in bold: "THIS NOTICE IS SENT PURSUANT TO MCLA 691.1404 AND CONSTITUTES NOTICE THEREOF[.]" The letter states that the law

firm is pursuing "a claim for personal injuries allegedly caused [by] the negligence of the City of Farmington Hills, MI or its agents caused by a defective road" located "Near Intersection of Wilton Court and Wilton Drive, Farmington Hills, MI[.]"

On December 29, 2020, Jim Duffy, a liability claims adjustor with Michigan Municipal Risk Management Authority assigned to the City, e-mailed plaintiff's attorney asking for the date of loss to start the claim process. That same day, which was 121 days after the accident, plaintiff's attorney responded as follows:

> Hi Jim. Thanks for reaching out. I was just following up on this today with Farmington and noticed the omission of the date in the letter. The date of loss was 8/27/20. I have also attached medical records in my possession and some photographs below, which I believe were taken by [plaintiff's] son. My understanding is that there are no sidewalks in this neighborhood. The photos show the actual roadway. Please let me know what else you might need.

It is apparent that the medical records were attached to the e-mail, but that the photos were not. Plaintiff's attorney did not email Duffy the photographs of the road until May 5, 2021.

Plaintiff filed this suit on January 5, 2022, citing the highway exception of the GTLA, MCL 691.1402(1). The City moved for summary disposition, arguing that plaintiff's notice failed to comply with the requirements of MCL 691.1404(1) to invoke the highway exception because her notice did not specify the nature of her injuries, name her son as a witness, describe the road's defect with specificity, or identify its exact location.

Plaintiff responded that her attorney's e-mail and information sent to Duffy, providing the accident date and plaintiff's medical records, and naming her son as a potential witness, supplemented her initial notice and cured any alleged deficiencies. Plaintiff further argued that, although that supplemental information was provided one day after the 120-day statutory notice period of MCL 691.1404(1), the City was not prejudiced by the delay. Plaintiff asserted that the notice was understandable and otherwise sufficient to bring the critical facts to the City's attention.

The circuit court granted the City summary disposition, concluding that plaintiff "did not provide adequate pre-suit notice as required by MCL 691.1404," elaborating as follows:

> Here, the Court finds Plaintiff's notice to be insufficient because she failed to notify the City of 1) the exact location of the incident, 2) the exact nature of her injuries, 3) a description of the alleged defect in the roadway, and 4) that Plaintiff's son witnessed the fall. Even if the December 2020 and May 2021 emails referenced by Plaintiff's Response were sufficiently served upon the City, the information is still insufficient because it does not specify the location of the fall.

The court also noted that "[t]he emails would be considered insufficient by virtue of their timing. The statute requires notice to be given within 120 days of the incident." Plaintiff now appeals the trial court's opinion and order.

## II.  STANDARDS OF REVIEW

This Court has set forth the applicable standards for reviewing a motion for summary disposition under MCR 2.116(C)(7) on the basis of governmental immunity:

> This Court reviews de novo a trial court's decision on a motion for summary disposition.  The applicability of governmental immunity and the statutory exceptions to immunity are also reviewed de novo on appeal.  MCR 2.116(C)(7) provides for summary disposition when a claim is barred because of immunity granted by law.  The moving party may submit affidavits, depositions, admissions, or other documentary evidence in support of the motion if substantively admissible. The contents of the complaint must be accepted as true unless contradicted by the documentary evidence. We must consider the documentary evidence in a light most favorable to the nonmoving party for purposes of MCR 2.116(C)(7).  If there is no factual dispute, whether a plaintiff's claim is barred under a principle set forth in MCR 2.116(C)(7) is a question of law for the court to decide.  But when a relevant factual dispute does exist, summary disposition is not appropriate. [*Moraccini v Sterling Heights*, 296 Mich App 387, 391; 822 NW2d 799 (2012) (citations, quotation marks, and alterations omitted).]

Statutory interpretation is also a question of law we review de novo.  *Wigfall v Detroit*, 504 Mich 330, 337; 934 NW2d 760 (2019).

> [The] primary objective when interpreting a statute is to discern the Legislature's intent.  This task begins by examining the language of the statute itself.  The words of a statute provide the most reliable evidence of its intent.  When the Legislature has clearly expressed its intent in the language of the statute, no further construction is required or permitted.  [*McCahan v Brennan*, 492 Mich 730, 736; 822 NW2d 747 (2012) (citations and quotation marks omitted).]

## III.  ANALYSIS

### A.  APPLICABLE LAW

Under the GTLA, "unless one of five exceptions applies, governmental agencies are immune from tort liability when they are engaged in a governmental function." *Wigfall*, 504 Mich at 337, citing MCL 691.1407(1).  " 'The immunity conferred upon governmental agencies is *broad*, and the statutory exceptions thereto are to be *narrowly* construed.' " *Thurman v Pontiac*, 295 Mich App 381, 384; 819 NW2d 90 (2012) (alteration omitted, emphasis in original), quoting *Nawrocki v Macomb Co Rd Comm*, 463 Mich 143, 158; 615 NW2d 702 (2000).

Plaintiff cites the highway exception to governmental immunity, MCL 691.1402(1), which provides that "[a] person who sustains bodily injury or damage to his or her property by reason of failure of a governmental agency to keep a highway under its jurisdiction in reasonable repair and in a condition reasonably safe and fit for travel may recover the damages suffered by him or her from the governmental agency." *Wigfall*, 504 Mich at 337 (quotations omitted, alteration in

original).  The highway exception "allows for claims arising from defective highways—if those claims otherwise meet the narrow conditions provided by statute—to survive summary disposition." *Champine v Dep't of Transp*, 509 Mich 447, 452-453; 983 NW2d 741 (2022).  "All plaintiffs seeking to recover under the highway exception to governmental immunity must comply with the notice requirements of MCL 691.1404 . . . ." *Champine*, 509 Mich at 453.  See also *Wigfall*, 504 Mich at 337.  MCL 691.1404 provides, in relevant part, as follows:

> (1) As a condition to any recovery for injuries sustained by reason of any defective highway, the injured person, within 120 days from the time the injury occurred . . . shall serve a notice on the governmental agency of the occurrence of the injury and the defect.  The notice shall specify the exact location and nature of the defect, the injury sustained and the names of the witnesses known at the time by the claimant.
>
> (2) The notice may be served upon any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency, anything to the contrary in the charter of any municipal corporation notwithstanding. . . .

Accordingly, "before the highway exception can apply, the plaintiff must timely notify the governmental defendant of his or her claim in accordance with MCL 691.1404(1)." *Thurman*, 295 Mich App at 385.

Our Supreme Court has held that "MCL 691.1404 is straightforward, clear, unambiguous" and "must be enforced as written." *Rowland v Washtenaw Co Rd Comm*, 477 Mich 197, 219; 731 NW2d 41 (2007).  Thus, "the notice provision is not satisfied if notice is served more than 120 days after the accident *even if there is no prejudice*." *Id*. at 219 (emphasis in original).  The "[f]ailure to provide adequate notice under this statute is fatal to a plaintiff's claim against a government agency." *McLean v Dearborn*, 302 Mich App 68, 74; 836 NW2d 916 (2013).

"Although under some circumstances this Court will conclude that a notice is sufficient despite a technical defect . . . , the plaintiff must at least 'adequately' provide the required information." *Id*. at 75.  This Court, in *Plunkett v Dep't of Transp*, 286 Mich App 168, 176-177; 779 NW2d 263 (2009), elaborated as follows:

> [W]hen notice is required of an average citizen for the benefit of a governmental entity, it need only be understandable and sufficient to bring the important facts to the governmental entity's attention.  Thus, a liberal construction of the notice requirements is favored to avoid penalizing an inexpert layman for some technical defect.  The principal purposes to be served by requiring notice are simply (1) to provide the governmental agency with an opportunity to investigate the claim while it is still fresh and (2) to remedy the defect before other persons are injured.
>
> The requirement should not receive so strict a construction as to make it difficult for the average citizen to draw a good notice.  A notice should not be held ineffective when in *substantial compliance* with the law.  A plaintiff's description

of the nature of the defect may be deemed to substantially comply with the statute when coupled with the specific description of the location, time and nature of injuries. Some degree of ambiguity in an aspect of a particular notice may be remedied by the clarity of other aspects. [*Plunkett v Dep't of Transp*, 286 Mich App 168, 176-177; 779 NW2d 263 (2009) (citations, quotation marks, alterations, and ellipses omitted).]

In *Plunkett*, "any ambiguity in the plaintiff's description of the nature of the defect was remedied by the precise description of the defect's location, including the attached police report." *McLean*, 302 Mich App at 75, citing *Plunkett*, 286 Mich App at 178-179. Similarly, in *McLean* this Court concluded that, although the notice inadequately described the defect as a "hazardous and defective city street," that deficiency was remedied by timely submitted photographs of the defect and a specific description of the defect's location. *Id*. at 75-76

## B. INITIAL NOTICE

Plaintiff's initial notice was deficient because, although served within 120 days of her injury, it did not specify the exact location and nature of the defect or the injury she sustained, nor did it name her son as a witness.

### 1. EXACT LOCATION OF THE DEFECT

MCL 691.1404(1) "requires notice of the 'the exact location' of the defect." *Jakupovic v Hamtramck*, 489 Mich 939, 939 (2011). Plaintiff's initial notice, describing the location of the "defective road" as "Near Intersection of Wilton Court and Wilton Drive, Farmington Hills MI," standing alone, was not sufficiently specific to comply with MCL 691.1404(1) because it merely described a general area. The description did not specify whether plaintiff fell on Wilton Drive or on Wilton Court. Nor did it reference the direction of the defect in relation to the intersection, specify how far plaintiff was from the intersection when she fell, or reference any addresses or landmarks corresponding with the location of her fall.

In *Thurman*, 295 Mich App at 386, this Court approvingly cited authority[1] holding that merely providing the intersection where the defect was located "was insufficient as a matter of law because it did not specify at which of the four corners of the intersection the alleged defect was located," and held that notice of a defect's location was insufficient where it "stated that the alleged defect in the City's sidewalk was located at '35 Huron, Pontiac, Michigan' " but did not specify "whether the alleged defect was located at 35 West Huron Street or 35 East Huron Street, both of which are actual addresses in the city of Pontiac." Compare *McLean*, 302 Mich App at 76 (describing the defect's location with sufficient specificity as "directly across the street from 1136 Mason, Dearborn, Michigan").

We agree with the trial court that plaintiff's initial notice was not sufficiently under-standable to notify the City of the defect's exact location as required by MCL 691.1404(1). It is

---

[1] *Dempsey v Detroit*, 4 Mich App 150, 151-152; 144 NW2d 684 (1966).

-5-

evident that plaintiff could have given a much more exacting description of the defect's location. Specifically, plaintiff testified at her deposition that she tripped and fell about four or five houses from her son's house, whose address she provided, and added, "If I go there, I can tell you where exactly." She further testified to her belief that her son, who was walking with her at the time of her fall, "knows exactly where I fell and he knows even who lived in that house when I fell." The aerial map presented at her deposition showed the addresses of the houses located on Wilton Court near where plaintiff fell, along with her son's house. It is thus apparent that plaintiff could at least have specified the address of a house that best corresponded to where she fell.

Further, plaintiff's written description of the defect's location is ambiguous in light of the evidence revealing that the road had multiple cracks. Plaintiff testified in her deposition that there were many cracks on Wilton Court and Wilton Drive. Thus, it could hardly have been obvious to the City which defect "Near Intersection of Wilton Court and Wilton Drive" caused plaintiff to trip and fall. Plaintiff did not provide any photographs with her initial notice showing the location of her fall. For these reasons, plaintiff's assertion that she described the location of the defect as accurately as possible, and thus that her notice was sufficient, lacks merit.

## 2. EXACT NATURE OF THE DEFECT

To comply with the notice requirements of MCL 691.1404(1), a plaintiff must also specify the "exact nature" of the defect at issue. See *McLean*, 302 Mich App at 75-76. In this case, plaintiff's initial notice stated merely that a "defective road" caused her injuries. This vague description, without more, was not sufficient to notify the City of the exact nature of the defect. In *McLean*, this Court held that "the written description of a 'hazardous and defective city street,' standing alone, would not provide sufficient notice of the exact nature of the defect," but that detailed photographs with additional descriptions submitted with the plaintiff's notice remedied that deficiency. *Id*. see also *Thurman*, 295 Mich App at 386 (recognizing that photographs, if timely provided within 120 days of the injury, can cure an otherwise insufficient description). Here, plaintiff did not include the photographs of the "defective road" with her initial notice.[2] And, as discussed, the precise location of the defect was not evident from the notice either. See *Plunkett*, 286 Mich App at 178 ("the description of the nature of the defect may be deemed to substantially comply with the statute when coupled with a specific description of the location").

## 3. NATURE OF PLAINTIFF'S INJURY

MCL 691.1404(1) further requires that the notice specify the person's injury. In *Brown v Sault Ste Marie*, 501 Mich 1064, 1064 (2018), our Supreme Court held that notice stating merely that the plaintiff had "suffered severe and permanent injuries" was insufficient. Similarly, this Court in *McLean* concluded that notice stating merely that the plaintiff received "significant injuries," was "wholly inadequate" and could not be "deemed to have complied, substantially or otherwise, with" MCL 691.1404(1). 302 Mich App at 77.

---

[2] Although plaintiff's attorney e-mailed photographs of the alleged defect to Jim Duffy in May 2021, those photos were neither timely nor otherwise properly served upon the City in accordance with MCL 691.1404, and thus could not be considered as part of her notice.

-6-

Likewise, plaintiff's initial notice stated merely that her claim was for "personal injuries," without elaborating on the particular nature of those injuries. Plaintiff was clearly aware when she gave notice in November 2020 that she had fractured her wrist when she fell, and thus she could have disclosed that detail. Plaintiff testified in her deposition that her son took her to an urgent care facility the day she fell, and "they did an x-ray and they said it's very broken and you might have two or three fractures." She also testified that she went to the emergency room the next day, where her arm was x-rayed and placed in a cast. Her testimony and medical records (which, again, were not submitted with her initial notice) further indicated that plaintiff was treated by an orthopedic specialist and underwent wrist surgery on September 9, 2020.[3] Plaintiff's notice lacked any of these details and was thus insufficient.

### 4. KNOWN WITNESSES

Lastly, MCL 691.1404(1) requires that the notice "specify . . . the names of the witnesses known at the time by the claimant." In *Burise v Pontiac*, 282 Mich App 646, 647-648; 766 NW2d 311 (2009), the plaintiff sustained injuries after stepping in a pothole and provided notice of her claim to the city, but omitted the name of a witness who was with her when she fell. For that reason, this Court concluded that her initial notice was defective—until she later rectified it by timely providing the name of that witness. *Id*. at 652, 655.

Here, plaintiff's son was walking with her when she fell, but plaintiff's notice to the City did not mention him. Although her son may not have observed the exact moment plaintiff fell, plaintiff's deposition testimony indicated that he was walking and talking with plaintiff, even pointing out the cracks in the road to her, and only two steps ahead and to the right of plaintiff at the time she fell. Further, he assisted her after the fall and immediately took her to his house. This testimony shows that her son would likely have personally observed the circumstances as they existed at the time of her fall. Thus, contrary to plaintiff's argument, her son was a known witness who should have been disclosed in her notice to the City.

For these reasons, we hold that the trial court did not err by concluding that plaintiff's initial notice was deficient. Although she served that notice upon the City within the requisite 120 days from the time her injury occurred, it did not specify the exact location and nature of the defect or the injuries sustained, or name her son as a known witness. The notice did not even specify the date of her fall. "MCL 691.1404 is straightforward, clear, unambiguous, and not constitutionally suspect" and must be enforced as written. *Rowland*, 477 Mich at 219. The "statute requires notice to be given as directed, and notice is adequate if it is served within 120 days [of the injury] and otherwise complies with the requirements of the statute." *Id*. Plaintiff's initial notice did not so comply.

### C. SUPPLEMENTAL INFORMATION

---

[3] As we discuss below, plaintiff's medical records sufficiently described her wrist injury, but she failed to timely serve those records on the City. Thus, they could not be properly considered as part of her notice.

Plaintiff argues that the supplemental information she provided after sending the initial notice cured its deficiencies. We disagree.

Plaintiff correctly asserts that notice under MCL 691.1404(1) "need not be provided in any particular form and is sufficient if it is timely and contains the requisite information." *McLean*, 302 Mich App at 74. This Court has explained that not all the information required by MCL 691.1404(1) need necessarily be included with the plaintiff's initial notice, but rather "it is sufficient if a notice received by the governmental agency within the 120-day period contains all the required elements." *Id*. at 78. Accordingly, "a supplemental notice, properly served, may cure an inadequate initial notice." *Id.* at 79 (emphasis omitted).

## 1. UNTIMELY NOTICE

Plaintiff was required to provide the requisite notice under MCL 691.1404(1) within 120 days of her injury. In *Thurman*, this Court concluded that photographs submitted more than 120 days after the injury occurred could not be properly considered as part of the notice. *Thurman*, 295 Mich App at 386-387.

In this case, plaintiff attempted to cure the deficiencies in her initial notice with supplemental information in e-mails to Duffy that included her medical records and photographs of the defective road. Counting 120 days after the day plaintiff was injured, August 27, 2020, is December 25, 2020, a court holiday. Accordingly, the final day of the statutory period was extended to the next business day, which was Monday, December 28, 2020. See MCL 8.6; MCR 1.108(1). It is not disputed that plaintiff's attorney's e-mail to Duffy attaching plaintiff's medical records was sent on December 29, 2020, and that the photographs of the defective road were e-mailed to Duffy on May 5, 2021. Thus, plaintiff's supplemental information was not timely provided.

Plaintiff does not dispute that this information was provided after the 120-day notice period. Accordingly, the circuit court could not properly consider her supplemental information as part of her notice. Again, MCL 691.1404 must be enforced as written even if the untimely submission results in no prejudice. *Rowland*, 477 Mich at 219; *Thurman*, 295 Mich App at 386. Therefore, the trial court did not err in concluding that plaintiff's supplemental information was insufficient because it was untimely.

## 2. IMPROPER SERVICE OF PROCESS

Plaintiff was obliged to serve her notice upon the City in accordance with MCL 691.1404(2).[4] MCL 691.1404(2) directs that notice under Subsection (1) "may be served upon

---

[4] The trial court did not specifically address the City's alternative argument that plaintiff's service of process was deficient because it did not comply with MCL 691.1404(2), but that does not constrain us from considering it as an alternative basis for affirmance. See *Riverview v Sibley Limestone*, 270 Mich App 627, 633 n 4; 716 NW2d 615 (2006) (an appellee may argue alternative reasons to support a judgment if those reasons were presented to the lower court); *Glasker-Davis*

any individual, either personally, or by certified mail, return receipt requested, who may lawfully be served with civil process directed against the governmental agency…." Under MCR 2.105(G)(2), service of process against a municipality may be achieved by service upon "the mayor, the city clerk, or the city attorney." *McLean*, 302 Mich App at 78.

Here, plaintiff's supplemental information was provided to Duffy, the third-party liability claims adjustor assigned to the City. A third-party claims adjustor is thus not presumptively eligible to accept service on behalf of a city. See *id.* at 78-79 (holding that a plaintiff's letter sent to a third-party claims administrator did not constitute sufficient service of process on the city). Further, there was no evidence that Duffy was an agent of the City charged with authority to receive notice on behalf of the City for purposes of MCL 691.1404(2). Compare *McLean*, 302 Mich App at 80-81 (recognizing that MCR 2.105(H)(1) permits service of process on "an agency authorized by written appointment or by law to receive service of process," and rejecting the plaintiff's argument that service upon a third-party administrator was proper under a theory of apparent authority), with *Wigfall*, 504 Mich at 339, 345-346 (applying traditional agency principles in holding that the plaintiffs complied with MCL 691.1404(2) by mailing notice to the city's Law Department, instead of its Corporation Counsel, because the Law Department was an agent of the Corporation Counsel charged with receiving notice under the City's charter and ordinances).

In short, there was simply no evidence that Duffy was authorized to accept service of civil process directed against the City for purposes of receiving notice under MCL 691.1404. Moreover, notice via e-mail did not constitute personal service or service by certified mail, as required by MCL 691.1404(2). Thus, even if Duffy were authorized to accept service on behalf of the City, the service by email would still have been defective. See *McLean*, 302 Mich App at 81 n 5.

### 3. INSUFFICIENT TO CURE PREVIOUS DEFICIENCIES

Moreover, even if plaintiff's untimely and improperly served supplemental information could be properly considered as part of her notice, plaintiff's notice was still deficient.

Although the supplemental information provided to Duffy would have sufficiently specified the nature of her injuries and the nature of the purported road defect, it did not entirely cure the deficiencies in plaintiff's initial notice. First, the e-mails did not provide any further description of the defect's location to remedy the ambiguity of her initial notice's description, "Near Intersection of Wilton Court and Wilton Drive, Farmington Hills MI." The medical records provided on December 29, 2020, while indicating that plaintiff tripped and fell while walking, did not specify the location of her fall. The photographs of the allegedly defective road provided to Duffy on May 5, 2021, also did not depict any landmarks, houses, addresses, or other descriptors identifying the defect's exact location; instead, the photos merely depicted a concrete road with cracks. The defect's location was not discernable from the up-close photographs of the vertical discontinuity and the crack. And the supplemental information included no aerial map of the intersection of Wilton Court and Wilton Drive, such as the one presented at plaintiff's deposition,

---

*v Auvenshine*, 333 Mich App 222, 227-228; 964 NW2d 809 (2020) (a party need only raise an issue before the trial court to preserve it).

specifying the area where she fell on Wilton Court.  Thus, as the trial court held, if plaintiff's supplemental information had been timely and properly served upon the City, it still failed to specify the defect's exact location as required by MCL 691.1404(1).

Likewise, the supplemental information did not name plaintiff's son as a known witness as required by MCL 691.1404(1).  The December 29, 2020, e-mail sent to Duffy merely stated that plaintiff's son had taken photographs of the road, but did not state that plaintiff's son was a witness to the accident, the date that the photographs were taken, or how her son knew where she had fallen.  It would be mere speculation to conclude that plaintiff's son was a witness simply because he took photographs of the road at some unspecified time.  Although, as plaintiff argues, technical perfection in the notice is not required, notice must still "be understandable and sufficient to bring the important facts to the governmental entity's attention." *Plunkett*, 286 Mich App at 176.  Such notice was not provided in this case.

We agree that plaintiff's failure to comply with the notice requirements of MCL 691.1404 was fatal to her claim under the highway exception of the GTLA.  Therefore, the trial court properly granted the City's motion for summary disposition.

Affirmed.

/s/ Mark T. Boonstra
/s/ Michael F. Gadola
/s/ Allie Greenleaf Maldonado